## SNOWDEN ET AL. *vs.* THE STATE.

1. Where a person committed for any offence is brought before any court or magistrate under the habeas corpus act, he cannot be discharged for any "informality, insufficiency, or irregularity of the commitment;" therefore, where a person was charged in the commitment with the commission of manslaughter, and it appeared that the offence was only an assault with intent to kill, the magistrate before whom the prisoner was brought properly described the offence in the recognizance as an assault, &c.— Rev. Stat. 1835, title, "Habeas Corpus," art. 3, sec. 13, p. 303.

2. Where a *scire facias* is issued on a forfeited recognizance in a criminal case, it is not necessary that the *scire facias* should contain an averment that an indictment had been found against the principal in the recognizance.

3. On a *scire facias* the court will give judgment according to law, and not according to the prayer of the plaintiff. Therefore, where the writ of *scire facias* required the defendants to show cause why the same should not be levied of "their respective *bodies,* lands and chattels," instead of "their respective goods and chattels, lands and tenements," the error was held not to vitiate the writ, but considered as a mere clerical blunder.

Snowden et al. vs. The State.

APPEAL from Ray Circuit Court.

EDWARDS, *for Appellants.*

1. The Circuit Court erred in overruling the motion, made by the securities, to quash the recognizance.

Can a prisoner brought before a circuit judge upon "*habeas corpus,*" be recognized to answer to an indictment for an offence of a nature wholly different from that for which he was committed by a justice of the peace? Is not such recognizance "*coram non judice,*" and void?— Delacur *vs.* Reed, 2 Hen. Black., 278; 1 Sand. Rep., 71, note; Crutchfield *vs.* Seyward, 2 Wils., 39, 93; The United States *vs.* Johns, 4 Dall., 413.

2. The prosecuting by "*scire facias*" is a suit; the writ is a substitute for a declaration in debt; and the former must be certain as to *time* and *place,* and have the general requisites of the latter.—1 Littel, 164; 5 Littel, 59; 2 Sand. Rep., 6, a note, 71, note; Tidd's Practice, 982; 5 Mo. Rep., 425.

3. The writ in this cause is therefore bad, and the demurrer should have been sustained.

I. It does not aver that any indictment of any character was at any time proffered against the principal in the recognizance.

II. That the several sums for which execution is sought have not been paid.— 5 Littel, 60; 4 Monroe, 2; 2 Chitty's Plead., 474, note.

III. There is no venue laid or charged to the averment that the principal and sureties "were solemnly called and came not, but made default," or to the averment that "the securities, nor either of them, would bring into court the body of the principal;" nor to the averment that "the recognizance was forfeited."

IV. There is no averment that execution had issued against the principal.— Rev. Stat., 455, sec. 11.

V. There is no averment that the recognizance was returned to the clerk of the court sustaining the suit.— 2 Marshall, 249.

VI. The terms of the recognizance are, that the several sums of money for which the principal and his securities are bound are to " be levied of their respective goods and chattles, lands and tenements." The writ asks that they show cause why the same should not "be levied of their respective *bodies, lands and chattels:*" the breach stated is not, therefore, co-extensive with, and according to, the terms of the obligation. — Sand. Plea and Ev., 134, 750.

VII. The State did not join in demurrer; and this court, in proceeding to do what the Circuit Court ought to have done, will give judgment for the plaintiffs, more especially as a *scire facias* cannot be amended by the insertion of the proper averments of matters *in pais,* and the statute of " *Jeofails*" does not apply. — 5 Littel, 59, 60; 1 *Ibid.*, 164; 4 Monroe, 148, Tidd's Practice.

VIII. The judgment is not in pursuance of the writ; if any, it should have been that the State have execution, &c.

IX. The principal in the recognizance was arrested and committed for an offence

*Snowden et al. vs. The State.*

unknown to the law : he was recognized to answer to a different offence, and indicted for a third offence. Were not the recognizance and all proceedings thereon *coram non judice?*

DUNN, *Circuit Attorney, for the State.*

1. The court cannot look into the proceedings anterior to the recognizance.

2. The court committed no error in overruling the motion of the defendants below to quash the recognizance.

3. The court committed no error in overruling the demurrer of the defendants to the *scire facias,* and giving judgment for the State.

TOMPKINS, J., *delivered the opinion of the Court.*

On the 29th day of October, 1839, Samuel Snowden was brought before two justices of the peace of Ray county ; and, after examination, their transcript was filed in the Circuit Court, which shows that he was by them found guilty of manslaughter, and committed for further proceedings, according to law. The warrant shows that Snowden was on the said day committed on a charge of manslaughter for stabbing *Robert Mitchell* and *William McGaugh,* with intent to kill. On the same day he was brought, on a writ of *habeas corpus,* before Austin A. King, the judge of the Circuit Court for the fifth judicial circuit, and entered into a recognizance in the sum of $1,000, with five securities, each bound in the sum of $200 respectively. The condition of this recognizance was, that if the above-bound Samuel Snowden should appear at the Circuit Court, at its next term, on the first day thereof, to answer an indictment to be preferred to the grand jury for stabbing Robert Mitchell and William McGaugh, with intent to kill, whereof he stands charged, and shall not depart the same without the leave of the said court, then this recognizance to be void, else to be in full force.

Afterwards, on the tenth day of December, in the year 1839 aforesaid, and on the second day of the term, the grand jury returned into open court a bill of indictment against Samuel Snowden for an assault, with intent to kill. On the 14th day of December aforesaid, and on the sixth day of said term, Snowden and securities being solemnly called, came not; and the securities failed to produce Snowden, their principal : it was, therefore, considered that the recognizance, both as to the principal and security, be forfeited.

The defendants then, by their counsel, filed a motion to quash the recognizance, which was continued till the then next term of the court. This motion being overruled, a *scire facias* was issued. It was returned, served on all the defendants, except Snowden, who was not found. The *scire facias* was demurred to, and the demurrer overruled by the court.

To reverse the judgment of the Circuit Court, the defendants prosecute their appeal.

The first error assigned is, that the Circuit Court erred in overruling the motion made by the securities to quash the recognizance.

2. The *scire facias* is defective in not being certain as to time and place.

3. It does not aver that any indictment has been preferred against the principal in the recognizance.

4. Nor that the several sums for which execution has been sued out have not been paid.

I. That the court committed error in refusing to quash the recognizance entered into before the judge of the Circuit Court.

The commitment being, it is said, on a charge of manslaughter, for stabbing with intent to kill, it is gravely asked, can a recognizance be taken to answer an indictment for stabbing with intent to kill?

The prisoner was brought before the judge of the fifth judicial circuit, on his own petition. In the 13th section of the Habeas Corpus Act, p. 203 of the Digest of 1835, it is declared, that "Where the imprisonment is for a criminal, or supposed criminal, matter, the court or magistrate before whom the prisoner shall be brought under the provisions of this act, shall not discharge him for any informality, insufficiency, or irregularity of the commitment; but if, from the examination taken and certified by the committing magistrate, or other evidence, it appear that there is sufficient legal cause for commitment, he shall proceed to take bail, if the offence be bailable and good bail be offered; if not, he shall commit the prisoner to jail."

Manslaughter is the killing of a human being in a sudden affray, or in the heat of blood: it is an offence known to the law. To stab, with intent to kill, is an offence against the statute law. (Sec. 31 of 2d article of the act concerning crimes and punishments, p. 171 of the Digest of 1835.

Manslaughter supposes a life taken: stabbing, with intent to kill, supposes the life not taken. To say, then, that the prisoner was committed on a *charge of* manslaughter for stabbing with an intent to kill, is such an irregularity as, under the 13th section of the Habeas Corpus Act above cited, the circuit judge ought to have corrected, and in this case he did correct it. For the honor of the State, an intelligent and charitable attorney would have passed over this matter, and concealed the blunder of the justice of the peace. I will pass over the other reasons for quashing.

II. The *scire facias* is alleged to be defective in not being certain as to time and place. The *scire facias* charges, that the defendant did, on the 21st day of October, in the year of our Lord one thousand eight hundred and thirty-nine, at the county of Ray aforesaid, enter into a recognizance, &c. Both time and place are here alleged.

III. That it does not appear that an indictment was preferred against the principal in the recognizance. The condition of this recognizance was, that the defendant should appear, &c. Neither Snowden nor his security had any right to know anything about the indictment, if any, till they had answered to the call of their names. Any officer of the court, or any grand juror, would have been guilty of a misdemeanor who should give any information that such indictment was found, or even preferred to a grand jury.

IV. That it does not appear that the several sums for which execution had been sued out have not been paid. To this point the case of *Holland vs. Bouldin*, 4

Monroe's Ky. Rep., 148, is cited. That case is as follows: — On the 21st of August, 1821, Holland entered into a recognizance of bail to the action (called, commonly, special bail), on a *capias ad respondendum*, sued out by Bouldin against Fowler: on the 24th November, 1821, judgment was rendered against Fowler. On the 17th May, 1823, Bouldin sued out a *scire facias* against the bail upon this recognizance, and it was decided that bail could not formerly be charged without a *ca. sa.*, sued before *scire facias* on the recognizance, and that the want of a *ca. sa.* was formerly a good plea is not doubted; but that since, by the act of the Kentucky legislature, abolishing imprisonment for debt, is not a good plea. The judgment in that case was not obtained against Holland, the special bail, but had been against Fowler, the principal; therefore it was necessary to issue execution against the principal, before the bail could be called in to answer for his default. The object of this *scire facias* is to get judgment against both of them: as for the remaining part of the authorities cited which I have been able to find, they have no bearing on the subject.

It is further objected to the *scire facias*, "That the writ requires the defendants to show cause why the several sums of money should not be levied of their respective bodies, lands and chattels;" whereas the law requires the money to be levied of their "respective goods and chattels, lands and tenements;" therefore it is concluded that the breach stated is not co-extensive with, and according to the terms of, the allegation. In all this I see no breach. It is a mere clerical blunder: the law directs on what property the money is to be levied. The defendants are bound to know that law: moreover, the court will give judgment as the law directs, not according to the prayer of the plaintiff in the *scire facias*.

The judgment of the Circuit Court must be affirmed.