Weiner *v.* Heintz et al.

---

JOHN E. WEINER, Appellant, *v.* NICHOLAS HEINTZ and VALENTINE MILLER, Appellees.

### APPEAL FROM MADISON.

If a court has jurisdiction of the subject matter, however erroneous a decree or judgment may be, it can only be avoided by a direct proceeding for that purpose, and cannot be attacked for error in another and independent proceeding.

Although equity may grant relief by a strict foreclosure, the practice should not be encouraged.

The right of redemption continues until barred by lapse of time, by strict foreclosure, or by judicial sale. But such right of redemption ceases after a sale under a decree to pay the debt.

A suit at law to coerce payment of a balance remaining due, after applying the proceeds of the sale, does not open the sale and entitle the mortgagor to redeem, except within the time limited by the statute.

If a decree directs the sale of land subject to an incumbrance for notes not then due, the purchaser takes the land subject to the incumbrance, and cannot sue to recover the amount of the notes; they are paid by operation of law.

If the mortgagee acquires the fee in the land, the debt is merged in the land; and unless some contrary intention is manifest, the debt is extinct.

THE demurrer in this case was sustained and the bill dismissed at September term, 1855, of the Madison Circuit Court.

The facts of the case are stated in the opinion of the court. By consent the cause was brought for hearing to the second grand division.

H. BILLINGS and J. GILLESPIE, for Appellant.

G. KOERNER, for Appellees.

SKINNER, J. This was a suit in equity to redeem mortgaged lands.

The court sustained a demurrer to the bill, and this decision is assigned for error. The bill alleges that Weiner, in 1840, executed a mortgage of the lands unto Nicholas Miller, to secure the payment of two promissory notes made by Weiner to Miller, each for $920—one payable in ten months after date, and the other in five years and ten months after date; that Miller, in 1841, assigned the notes and mortgage to Heintz; that Heintz, in 1843, on a bill to foreclose as to the note first due, obtained a decree of the Madison Circuit Court, for the amount of this note, and for sale of the mortgaged lands to satisfy the same, but by which decree it was specially decreed that the sale should be made subject to the lien of the mortgage for the payment of the note not then due, and that the land should stand as security for the payment of this note; that sale of the lands was made in pursuance of the decree, and that Heintz became the purchaser at $1043; that a deed was executed under the sale to Heintz, specially reciting, that the lands were conveyed subject to the incumbrance of the mortgage for the payment of this note last due, and according to the provision, therefor, of the decree; that, in 1846, Heintz conveyed the lands to Miller, and that Miller was fully aware of the rights of Weiner; that Miller, in 1852, died, having devised these lands to Valentine Miller, who still holds the same; that the lands, at the time of the decree and sale, were worth greatly more than the amount of the mortgage debt; that Weiner had tendered, to Valentine Miller and to Heintz, the full amount of the mortgage debt and interest, and demanded a re-conveyance of the lands, and that they refused so to do; that Heintz, in 1854, sued Weiner, in the Madison Circuit Court, upon the note last due, mentioned in the mortgage and decree, and that the suit is still pending.

The bill charges that the decree of sale is void; that Weiner is entitled to redeem: prays that Weiner be let in to redeem, and that Heintz be enjoined from proceeding at law to collect the note. Nothing is alleged, in the bill, against the jurisdiction of the Circuit Court of Madison County, of the persons and subject matter in the proceeding in which the decree of sale of

the mortgaged lands was made; and, if the court had jurisdiction, however erroneous the decree may be, it can only be avoided by a direct proceeding for that purpose, and cannot be attacked for error, when brought in question in another and independent proceeding.

This doctrine is too well settled to require the citation of authorities.

The next question is, has Weiner, upon the case made by the bill, a right to redeem? The cases cited in argument, go to the rights of the mortgagor, in case of *strict* foreclosure; and they show great diversity of opinion, and clear absence of uniformity of decision. Some hold that, in case of such foreclosure, the land is taken for the mortgage debt, and that the debt is thereby satisfied; others, that the land is thereby taken in satisfaction of the debt, to the extent only of the actual value of the land, and that the mortgagee may proceed to collect the balance of his debt, without affecting the foreclosure; and others, that the land is taken *prima facie* in satisfaction of the debt, and that the mortgagee, if he proceeds to collect a balance of the debt, upon the ground that the land is not of sufficient value to pay the debt, thereby opens the foreclosure, and lets the mortgagor in to redeem. 4 Kent's Com. 181 to 185 and notes; 2 Hilliard on Mort. 138 to 150; *Lansing* v. *Goelet*, 9 Cowen 346, and cases there cited; *Hatch* v. *White*, 2 Gallison, 152.

This conflict of decision illustrates the propriety and utility of decrees for sale of the mortgaged property to satisfy the debt; and such practice is not unknown in England, and is common and perhaps general in most of the United States; and it is no longer questioned, whatever may have been the ancient practice of the chancery courts, that the power to decree a sale, instead of a strict foreclosure, is inherent in courts of equity.

It is not denied that equity may still grant relief by strict foreclosure, but the practice should not be encouraged. By a sale of the mortgaged property, that is accomplished which the mortgagor and mortgagee, at the time of the execution of the mortgage, intended; that the property should stand as security for the debt, and, if necessary, be resorted to as a fixed security out of which to obtain payment. At this day the mortgage is but an incident to the debt, an hypothecation of the property as security for the debt, with the right in the mortgagor to redeem by paying the debt, and in the mortgagee to resort to the security to obtain satisfaction of the debt, in case of default of payment.

Such is the common understanding among the people, and the right of redemption must continue until barred by lapse of time, by strict foreclosure, or by judicial sale. But such right to redeem has no application where there has been a sale under

decree to pay the debt; nor, in such case, does a suit at law, to coerce payment of a balance of the debt remaining after applying the proceeds of the sale, open the sale and entitle the mortgagor to redeem, thereby defeating the title of the purchaser. *Lansing* v. *Goelet*, 9 Cowan 359; *Dunkley* v. *Van Buren*, 3 John. Ch. R. 330; *Andrews* v. *Scotton*, 2 Bland's Ch. R. 666.

By such sale the land is converted into money, and applied to the mortgage debt, and the purchaser takes the title.

If the proceeds amount to more than the debt, the surplus goes to the mortgagor, and if they are insufficient to pay the debt, the balance unpaid remains, and the mortgagee may recover such balance from the mortgagor. And this is consistent with the nature of the contract, the rights and interests of the parties, and free from hardship, complication and difficulty in practice.

Our statute, in case of sale of mortgaged lands under decree of a court of equity, gives to the mortgagor, his heirs, administrators and grantees, a right to redeem for twelve months after sale, and to judgment creditors the same right for three months thereafter. Rev. Stat. 305, Sec. 24.

But, although Weiner is not entitled to redeem, he has a right in equity to relief against the collection of the note not due at the time of the rendition of the decree.

The land was sold to pay the note then due, and subject to the incumbrance of the mortgage, to the extent of the amount of the note, not then due. Such are the provisions of the decree under which the sale was made, and of the deed to the purchaser.

The purchaser took the land subject to the incumbrance, became mortgagor to the extent of that note, and the land continued subject to the payment of the note, whoever should be the holder of the note or the owner of the fee, and equity would enforce payment out of the land. The purchaser is presumed to have bought the land at its value, less the amount of this note, and equity will not permit him to hold the land and collect the note from Weiner. Besides, the note is paid by operation of law.

Heintz owned the mortgage debt, and got the fee of the land by his deed, under the decree, thereby becoming substantially mortgagor and mortgagee.

The mortgage, and, with it the debt, therefore, merged in the fee, and could no longer exist. Where two titles or interests in land become united in the same person, in the same right, and at the same time as that of mortgagor and mortgagee, the lesser will merge in the greater estate and become extinct; unless there be some interest or intention to the contrary, or the merger would work an injury to some one. Hilliard on Mort. 330; 4 Kent's Com. 99 to 101; *Campbell* v. *Carter*, 14 Ill. 286.

Here no motive could exist to keep the debt alive; for in equity the land would be made to pay the debt, and the owner of the debt was, at the same time, the owner of the land.

The decree is reversed and the cause remanded, that the complainant may have relief by injunction and surrender of the note.

Decree reversed and cause remanded.

*Decree reversed.*