EDWARD IVERSON *et al.*, Appellants, *v.* NELS. P. LOBERG, Appellee.

| 26  | 179 |
| 197 | 430 |

APPEAL FROM THE SUPERIOR COURT OF CHICAGO.

Where a petition by an administrator for the sale of real estate, states enough to require the court to act, its orders and decisions are binding until they are reversed; they cannot be attacked collaterally.

THIS was an action of ejectment to recover lots one and two, in block ten, in Butterweight and Webster's Addition to Chicago. There are three counts. In the first, all the plaintiffs are joined. In the second, Edward claims an undivided third, and in the third, Charlotte E. and Albert, claim two undivided thirds.

Plea, general issue and joinder. Jury waived, and cause submitted to the court on the following statement of facts, agreed:

That the plaintiffs claim, as children and heirs of Halver Iverson, who died August 15th, 1850, and are entitled to recover the premises in this action, unless they have been divested of title, by proceedings had in the County Court of Cook county, by Nels. Olsne, as administrator of said Halver Iverson. The proceedings in said County Court were in substance as follows: That on the 23rd of September, 1852, said administrator presented his petition, stating, " that under and pursuant to his appointment as such administrator, he has proceeded to adjust and settle the affairs of said estate, in manner prescribed by law; that there are no available dues or demands, personal property, effects or assets belonging to said estate, so far as your petitioner has been able to learn, except as heretofore reported. That your petitioner, administrator as aforesaid, finds that there is a large balance, to wit, the sum of $225, or thereabouts, still standing against said estate, and which balance, by

the order and allowance of said County Court, ought to be paid, but which your petitioner is entirely unable to do, for want of property or assets subject to his control."

That said H. Iverson died seized of the aforesaid lots ; and prays for leave to sell the interest that was of said Iverson in said premises.

Appended to said petition is a certificate of publication for three weeks, from Dec. 30, 1852, of the usual notice of presenting a petition, for sale of said land to said County Court, at a term thereof to be held on the 3rd Monday of March, 1853. Also, a similar certificate of publishing for three weeks, from Sept. 22, 1852, a notice of presenting a similar petition to said court, on the first Monday in December, 1852.

At said March term, came into court Nels. Olsne, administrator, etc., and Edward S. Kimberly, guardian *ad litem* to ————, who files his answer in behalf of said minors, neither admitting nor denying the allegations in said petition, but reserving the rights of said minors, by requiring proof, etc.   And it appearing from the records and files of this court that said administrator has filed his inventory and appraisement bill of the effects of said deceased, but no sales bill, for the reason that there were no personal effects, and that there are claims against said estate unsatisfied, and that it is necessary to sell the real estate and property petitioned for, to pay the debts of said intestate ; that the legal notice of presenting the petition has been given, and the proceedings, in all respects, been according to law, and that the intestate had an interest in said land ; the said administrator is ordered to make sale of said lots, according to the provisions of the statute, and to make report of any further action in the case.

Admitted that due notice of sale was given, and that pursuant to said notice, Lot No. 1 was sold for $805, and Lot No. 2 for $475, to one Peter Page; that the sale was confirmed by an order of the court, Dec. 17, 1853.   Administrator's deed is in due form, and that said Page conveyed said premises to the defendant, and that the purchase price was paid to the administrator.

That said Halver Iverson died intestate, leaving three children, the plaintiffs, two of whom resided with their mother in Chicago —the widow died within a week or two after the death of her husband.

Sept. 17, 1850, Nels. Olsne appointed guardian of said Charlotte E., and Albert.

Sept. 18, 1850, letters of administration issued to said Nels. Olsne.

Jan. 10, 1851, administrator presented inventory and appraisal bill, showing that all the personal property consisted of household furniture, etc., appraised at $151.34; cash in hand, $12.90; one claim good, $3.50; total, $167.74. Same day, administrator presented a sale bill, from which it appears, that on Oct. 17, 1850, he had sold all personal property for $172.50. On same day, claims were allowed as follows : Funeral expenses, $21.75; physicians' bill, last sickness, $41.86; claim of $6.62; Sept. 8, 1851, another claim, $33.67; which comprise all the claims allowed against said estate.

Administrator paid, as expenses of administration, $38.67, incurred previous to said proceedings, which does not include expense of the sale of said land. September 20, 1852, an appraisers' bill was filed, by which the appraisers report certain articles allowed to family of deceased, and appraise their value at $342.50, which was ordered recorded September 23, 1852. October 9, 1852, an order was entered, awarding to the family of deceased, said sum of $342.50. June 8, 1858, administrator rendered account and produced vouchers, from which it appears that a portion of said claims against the estate, amounting to $56.37½, was paid before the presentation of said petition. Said administrator died in 1858. Admitted that at the time of the order of sale, all the children were minors, and that there is nothing in the records or in the papers on file, further than what has been mentioned or referred to, going to show that a guardian *ad litem*, was appointed for said minors, or that the administrator presented an account of the personal estate and debts of the deceased.

The plaintiff objected to the deed of the said administrator, and to all the proceedings of the said County Court, in reference to the said petition for said sale, for the reason that the said County Court had no authority or jurisdiction in the premises, and the proceedings thereof in their behalf were void, for the following reasons, to wit:

1st. Because it does not appear by the petition, that the administrator had filed either an inventory, appraisement bill or sales bill, or that he had first applied the personal estate towards the payment of the debts of said intestate.

2nd. Because in the proceedings to sell said premises, no guardian *ad litem* was appointed for said minors or either of them, nor were they in any way made parties thereto.

3rd. Because it does not appear by said petition, that the personal estate was insufficient to pay the just claims against the said estate ; and by the agreed statement of facts, it appears affirmatively, that the personal estate was sufficient to pay all just claims against said estate.

4th. Because the administrator, previous to obtaining said order of sale, failed to make a just and true account, or any account, of the personal estate and debts of said intestate.

The court overruled the objections, admitted the deed, sustained the proceedings of the County Court, and rendered judgment for defendant. Plaintiffs excepted, and exceptions allowed.

The errors assigned are, that the court admitted the deed in evidence ; that the court sustained the proceedings of the County Court ; that the court gave judgment for the defendant and against the plaintiffs, whereas the judgment, by law, should have been for the plaintiffs, or for a portion of them.

J. S. PAGE, for Appellants.

FARWELL, SMITH & THOMAS, for Appellee.

CATON, C. J. We are obliged to affirm this judgment much against our inclination. This sale was no doubt a great outrage, and we should as at present advised, not hesitate to reverse the proceeding, were it directly before us. But here it comes up collaterally, and we cannot disregard that proceeding unless it was void for the want of jurisdiction. We cannot hold that such was the case. The petition stated enough to require the court to act in the premises,—to set it in motion, and that was sufficient to give the court jurisdiction, and whatever was done under it, was not in the exercise of an usurped power, but of one conferred by law, and although the court may have exercised that power erroneously, its orders and decisions are binding till reversed. If we are to look into any errors in that proceeding, it must be brought before us by writ of error.

The judgment must be affirmed.

*Judgment affirmed.*