## JAMES J. MULFORD et al.
## by S. A. HAGERTY, their next friend.

v.

## ALBERT STALZENBACK et al.

1. JUDGMENTS—*when valid.* If a court has jurisdiction of the parties and subject matter of the controversy, no error can render the judgment void.

2. SAME—*when void—want of jurisdiction.* When the jurisdiction over the person or subject matter does not exist, the judgment is a nullity.

3. GUARDIAN AND WARD—*jurisdiction of the Circuit Court to order sale of ward's land.* In an application by a guardian to the court for leave to sell his ward's real estate, enough must appear, either in the application or the order, or somewhere upon the face of the proceedings, to call upon the court to proceed to act, and where that does appear, then the court has properly acquired jurisdiction.

4. It is not necessary that it should appear that the court of probate had, prior to the application to sell the land, ordered and directed the guardian to provide for the support and education of his ward, before the Circuit Court could act upon an application for the sale of real estate.

5. The Circuit Court, on an application to sell the real estate of a minor, is only required to ascertain that the personal estate had been faithfully applied and exhausted.

6. SAME—*judgment cannot be attacked collaterally.* Where a court has jurisdiction, no matter how erroneously it may have decided on the facts, its action cannot be drawn in question in any collateral proceeding.

7. SAME—*rights of innocent purchasers.* Although a guardian may have mis-appropriated the funds derived from the sale of his ward's lands, and been faithless to his trust, yet an innocent purchaser, at a sale by him under a competent order of a court having jurisdiction of the subject matter and of the persons, cannot be prejudiced thereby. The order of the court, not being void, the purchaser under it cannot be disturbed in the title he has acquired.

8. OPENING DECREE—*when only constructive service is had.* When a defendant in chancery, who is served by publication, and has been defaulted, and a decree rendered against him, petitions the court to be allowed to come in and answer, it is erroneous to vacate the decree on such application. The statute simply requires that, notwithstanding the decree, the defendant thus situated shall be heard.

9.  Although a technical error may have been committed, by vacating a decree on the application of a non-resident defendant, yet, if no injury is inflicted upon any one, the proceedings will not be reversed and set aside therefor.

10.  JUDICIAL SALES—*purchaser not bound to look beyond the decree.* . It is the rule in this State, that a purchaser under a judicial sale is not bound to look beyond the decree, when executed by a conveyance, nor go further back than the order of court, when the facts necessary to give the court jurisdiction, appear on the face of the record.

11.  A purchaser at a guardian's sale is not responsible for the order of the court in appropriating the money realized from the sale.

12.  While guardians' sales should be closely scrutinized, yet, if it should be made to appear on such scrutiny that the substantial requirements of the law have been observed and pursued, persons claiming under such proceedings have a right, and it is the policy of the law, no less than the dictates of justice, that protection should be afforded them.

WRIT OF ERROR to the Circuit Court of Cook county ;  the Hon. ERASTUS S. WILLIAMS, Judge, presiding

This was a proceeding in chancery, by original bill, filed by the heirs of Edward A. Mulford, by their next friend, against the defendants in error, and others, to set aside conveyances of real estate, founded upon certain proceedings of the Cook county Circuit Court, on an application of Catharine Mulford, guardian of the plaintiffs in error, for a decree authorizing her to sell lands of her wards, under the statute.

On the hearing of the cause, on the 4th of December, 1864, the court rendered a decree dismissing the complainants' bill as to the defendants in error, for want of equity.  The case is brought to this court by writ of error.

The record is very voluminous, and it is considered inexpedient to incumber these reports with an elaborate statement of the facts.

Sufficient facts appear in the opinion for an understanding of the decision.

Mr. U. F. LINDER, and Messrs. MOORE & CAULFIELD, for the plaintiffs in error.

Messrs. GARRISON & BLANCHARD, for the defendant in error, ALBERT STALZENBACK.

Messrs. HERVEY, ANTHONY & GALT, for the defendant in error, WILLIAM BRADLEY HENDERSHOTT.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was a bill in chancery, in the Cook Circuit Court, by James J. Mulford and the other heirs-at-law of Edward A. Mulford, deceased, to set aside certain deeds made by the guardian on a sale of the lands belonging to the complainants when they were minors, under an order of court, on the allegation that the decree was procured by fraud, and that it was not necessary to sell the lands, and that the Circuit Court making the order of sale, had no jurisdiction.

On final hearing, the bill was dismissed. On appeal here, this dismissal of the bill is assigned as error.

The plaintiffs in error make these points: First, that the decree directing the sale of the lands was not only erroneous, but absolutely void, there being no averment or proof that the guardian had power, under the direction of the Court of Probate, to superintend the education and nurture of the wards, and no averment or proof in the record, that the guardian had been ordered or directed by the Probate Court to pay out the money of the wards for their support and education; and second, that the decree directing the sale, required the same to be for one-fourth cash, and the balance in one, two and three years, with interest, payable annually, and that the deferred payments should be secured by notes and mortgages on the real estate thus sold, and no such notes and mortgages were taken by the guardian.

In support of the first point, the case of *Loyd et al.* v. *Malone et al.*, 23 Ill. 43, is referred to. That was an original bill, filed by infants attacking a decree under which the lands

had been sold, and impeaching it, on the allegation that all the proceedings by the guardian anterior to the application for the sale of the lands, and the application for the sale, were collusive, and designed to injure the infants, and to deprive them of their inheritance, and that no necessity existed for converting their land into money for their support and education, and that the guardian, in procuring the order of sale, was actuated by improper motives to injure them. That bill impeached the decree for the sale of the land, and to which the guardian was made a defendant with the purchaser under his sale. Here the guardian is not a party, and the bill attacks collaterally, only, the decree of sale obtained by the guardian, alleging a want of jurisdiction in the Circuit Court to order the sale.

If the Circuit Court had jurisdiction, but proceeded erroneously, this bill cannot be entertained. The rule is, if a court has jurisdiction of the parties and subject matter of the controversy, and the party against whom the judgment is rendered has had either actual or constructive notice of the pendency of the suit, no error can render the judgment void; but when the jurisdiction over the person or subject matter does not exist, the judgment is a nullity. *Buckmaster* v. *Carlin,* 3 Scam. 104; *Swiggart* v. *Harber,* 4 ib. 364; *Rockwell* v. *Jones,* 21 Ill. 279; *Wimberly* v. *Hurst,* 33 ib. 166; *White* v. *Jones,* 38 ib. 160.

The question, then, is, had the Circuit Court of Cook county jurisdiction of the application of the guardian to sell these lands, and of the persons of these infants?

Section 10, ch. 47, Rev. Stat., provides that the Circuit Court may, for just and reasonable cause, being satisfied that the guardian has faithfully applied all the personal estate, order the sale of the real estate of the ward, on the application of the guardian by petition in writing, stating the facts, and having given notice to all persons concerned, of such intended application, in some public newspaper printed in this State, or by setting up written

notices in three of the most public places in the county, at least three weeks before the sitting of the court. Such order may enable the guardian to sell and convey the real estate for the support and education of the ward, or to invest the proceeds in other real estate. The court, in such order, shall direct the time and place of sale, the notice thereof to be given, and may direct the sale to be made on reasonable credit, and require such security of the guardian and purchaser as the interest of the ward may require. It shall be the duty of the guardian making such sale, as soon as may be, to make return of such proceedings to the court granting the order, which, if approved by the court, shall be recorded, and shall vest in the purchaser or purchasers all the interest the ward had in the estate so sold. Scates' Comp. 552.

We have compared the petition and proceedings of the Circuit Court, in this case, with those brought before the court in *Young et al.* v. *Lorain et al.*, 11 Ill. 624, where the same question of jurisdiction was raised, and find no substantial difference between them. They are, for all the purposes of this question, identical; and as it was there held, that as sufficient appeared to set the court to work, therefore, the jurisdiction was established. The rule is, that enough must appear, either in the application or the order, or at least somewhere upon the face of the proceedings, to call upon the court to proceed to act, and when that does appear, then the court has properly acquired jurisdiction. It cannot be held to be a jurisdictional fact, that the court of probate had, prior to the application to sell the land, ordered and directed the guardian to provide for the support and education of his wards, and that it must so appear to the Circuit Court, for the section quoted contains no such provision. The Circuit Court, on the application, was only required to ascertain that the personal estate had been faithfully applied and exhausted. In the case of *Loyd* v. *Malone, supra*, it is nowhere said or suggested, that the absence of an order of the Probate Court, requiring the

guardian to provide for the support and education of his wards, deprived the Circuit Court of jurisdiction. This court did say the guardian had no right, on his mere motion, to ask for such an order, without having been moved so to do by an order of the Probate Court; but that was a case where the original decree of sale was directly attacked and impeached, and more was said than the points in the case demanded. No reference was made, in that case, to the views presented by this court in *Young* v. *Lorain, supra,* on which this case depends, and by which it must be governed, as it is like it in all essentials. We must hold, then, on the authority of that case, the Circuit Court had jurisdiction of the subject matter, and of the persons of the wards, no question being made about that; and that all the court proceedings were regular and in compliance with the statute, is apparent. The court also, as appears, confirmed the sale, on the report of the guardian of her proceedings; and it fully appears the court did not grant the application to sell, until after a reference to the Master and a report of the facts to justify it, made by him to the court. The court, then, having jurisdiction, no matter how erroneously it may have decided on the facts, its action cannot be drawn in question in this bill, or in any collateral proceeding. *Wimberly* v. *Hurst, supra ; Iverson* v. *Lowberg,* 26 Ill. 179; *Goudy* v. *Hall,* 30 ib. 109.

There being no evidence of fraud in obtaining the order of sale, but every step regular, all evidence that there was no necessity for the sale of the lands is shut out by the order of the court finding such necessity existed. That order is conclusive on that fact, until reversed in a proper mode. It cannot, in this proceeding, be made the subject of inquiry.

The second point made, arraigns the conduct of the guardian, who is not a party to the suit, charging a departure from the order of the court on making the sale, that notes and mortgages on the land sold should be taken.

It appears the sale was at the appointed time, after due notice, and that the land sold for its value. The purchaser, Hendershott, who bid off ten acres, paid down one-fourth of the purchase money, and executed his notes for the balance, to be paid in one, two and three years, with the stipulated interest, and to secure the payment, executed a mortgage on the land, not to the guardian, but as a matter of convenience, as her attorney testified, to one J. M. Banks; which mortgage and notes secured thereby, were promptly paid by Hendershott, and satisfaction thereof entered of record. Here was a literal compliance with the order of the court, and with the statute, as the mortgage was given "on the land sold" and purchased, and afterwards fully satisfied, so that there is no just ground of complaint on that score. The purchase money was secured under the forms of the order and of the statute, and fully paid to the guardian. It may be, the guardian has misappropriated it, and has been faithless to her trust; but an innocent purchaser, at a sale by her, under a competent order of a court having jurisdiction of the subject matter and of the persons, cannot be prejudiced thereby. The order of the court not being void, the purchaser under it cannot be disturbed in the title he has acquired under it. *Weiner* v. *Heintz,* 17 Ill. 259; *Chesnut* v. *Marsh,* 12 ib. 173; *Rockwell* v. *Jones,* 21 ib. 279; *Horton* v. *Critchfield,* 18 ib. 133; *McJilton* v. *Love,* 13 ib. 486.

The action of the court is also questioned, in vacating the decree against Hendershott, on his affidavit, and permitting him to come in to plead, answer or demur, to the bill in this cause. This court held, in *Baker et al.* v. *Backus' Admr,* 32 Ill. 94, it was erroneous on such applications, to vacate the decree; that the statute (§ 15) did not go to that extent, but only allowed the absent defendant who had been defaulted, to come in and answer on payment of costs. This was all that was permitted in this case; the defendant came in and answered, and though a technical error was committed by

vacating the decree, yet it has inflicted no injury upon any person, and the proceedings should not be reversed and set aside therefor.

The case of the other defendant in error, Stalzenback, differs from that of Hendershott, in this, that he is an innocent purchaser, without notice of any irregularities or defects in the proceedings, through several mesne conveyances, and for a valuable consideration paid.

The same rules of law will apply to him as are applicable to his co-defendant, Hendershott. Jurisdiction in the court being established, errors in the proceedings cannot vitiate, nor can they be urged collaterally, against such purchaser. No fraud is proved, nor is there any ground for suspecting it.

It is the rule, in this State, that a purchaser under a judicial sale, is not bound to look beyond the decree when executed by a conveyance, nor go further back than the order of court, where the facts necessary to give the court jurisdiction, appear on the face of the record. *Buckmaster* v. *Carlin, supra.* And such a purchaser at a guardian's sale, is not responsible for the order of the court in appropriating the money realized from the sale. It is sufficient for him to see there was an order of the court for the sale of the land, and made by a court having jurisdiction to make the order. *Fitzgibbon* v. *Lake,* 29 Ill. 178.

With the hardship of this case, so far as these heirs are concerned, no power to relieve them is granted to us, the record presenting nothing to which exception can be taken. It may be they have been defrauded by collusion of their mother, their natural and legal guardian, but the record fails to show wherein, and in the absence of all proof of it, innocent purchasers, who have paid their money in good faith for the land she had authority to sell, and did sell in pursuance of the authority, cannot be allowed to suffer. While it is required such sales shall be closely scrutinized, and it shall be made to appear, on such scrutiny, that the substantial

requirements of the law have been observed and pursued, persons claiming under such proceedings, have a right, and it is the policy of the law, no less than a dictate of justice, that protection should be afforded them.

Perceiving nothing erroneous in the record, the decree dismissing the bill must be affirmed.

*Decree affirmed.*