# WARREN E. ESTY

*v.*

# CHARLES D. BROOKS.

ASSIGNOR—*when liable to his assignee.* A mortgage was given to secure ten promissory notes, payable at different times. All these notes, except the second and third in the series, were assigned by the payee to a person who caused the mortgagee to sell the mortgaged premises, under a power in the mortgage, to satisfy the first note, then due, and interest on the residue in his hands, the proceeds of the sale not being more than sufficient to cover the amount due to such assignee. At that time the second and third notes were held by a third person, who afterwards assigned them to the holder of the other notes, the latter suing the original assignor upon them: *Held,* the fact of the prior sale under the mortgage could in no wise affect the plaintiff's right to recover.

APPEAL from the Circuit Court of Livingston county; the Hon. CHARLES R. STARR, Judge, presiding.

This was an action of assumpsit brought by Brooks against Esty, in which it is sought to recover against the defendant as endorser of certain promissory notes.

The alleged grounds of recovery are, first, that a suit against the maker of the notes would have been unavailing, by reason of his insolvency, and, second, that the maker had left the State at the maturity of the notes.

A trial in the court below resulted in a judgment for the plaintiff, from which the defendant appeals.

The right of recovery is denied by the appellant upon two grounds: first, by reason of a sale under a mortgage to satisfy other notes in the same series with those sued upon; and, second, because the alleged insolvency of the maker does not appear.

Mr. JOHN CLARK, for the appellant.

Mr. CHARLES H. WOOD and Mr. SAMUEL T. FOSDICK, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

Kingdon executed to Esty, on the first of January, 1860, ten promissory notes for $127 each, payable, the first, in two, and the last, in eleven years, with interest at ten per cent on all, annually. On the fifteenth of June, 1863, Brooks, the plaintiff below, being then the owner of all the notes except the second and third in the series, caused Esty, who held a mortgage with a power of sale securing the notes, to sell the mortgaged premises in satisfaction of the first note, and the interest on the residue in his hands. The premises brought only $315.66, which was not more than sufficient to cover the amount due Brooks, and past maturity. At that time the second and third notes were in the hands of Barnett, King & Co. of Chicago, and belonged to them, having been assigned by Esty. They were subsequently endorsed by Barnett, King & Co. to Brooks, who has brought this suit upon them against Esty, as endorser, and recovered a judgment, from which Esty has appealed.

There is no error in this record. Counsel for appellant cite *Weiner* v. *Heintz*, 17 Ill. 259, and *Mines* v. *Moore*, 41 ib. 273, but they have no analogy to the present case. In those cases the mortgaged premises had been sold under a decree which expressly provided that the purchaser should take the land, subject to the lien, for the note not due, and the court held this provision of the decree, in equity, made the land the primary fund for the payment of that note, as the purchaser of the land must be presumed, in his bid, to have deducted such note from the estimated value of the land. It followed that the purchaser holding both the note and the fund appropriated by the acts of the parties and the decree of the court to its payment, should not be permitted to collect it of the maker. But there

is nothing of that sort in this case, and how the right of Brooks, as assignee of Barnett, King & Co. to collect these notes from either the maker or endorser, is in any way affected by the sale under the deed of trust, we are wholly unable to perceive.

On the other point made by counsel, it is only necessary to say, the proof shows the maker of the note left the State before the maturity of the note first falling due, and never returned, and, dying before the maturity of the second note, he left no property from which anything could have been realized for the payment of these notes, even if administration had been taken out.

*Judgment affirmed.*