ANDERSON ROBINS

*v.*

JOHN F. SWAIN.

1. CROSS-BILL—*may present facts not in original bill.* While it is true that a cross-bill must relate to the subject matter of the original bill, it is

not essential nor is it usual that all the facts showing the defendant's right to the relief sought, should appear in the original bill.

2. MORTGAGE—*effect of foreclosure and sale on unpaid debt—merger.* Where a mortgage is given upon land to secure the payment of several notes maturing at different times, and a foreclosure and sale is had for a part of the notes, leaving one note unpaid, and the holder of the unpaid note becomes the purchaser of the mortgaged premises and receives a master's deed, the legal and equitable title to the premises will be merged, and it will operate as a satisfaction of the mortgage and the remaining indebtedness, for the reason that the purchaser in such a case is presumed to have bought the land at its value less the unpaid note.

3. CHANCERY—*relief against void decree and sale thereunder.* Where, upon the foreclosure of a mortgage, a decree was entered for the sale of land not included in the mortgage under which the same was sold, and possession acquired by the purchaser who was the mortgagee, after he had received the master's deed: · *Held,* that, while the mistake, if such it was, might have been corrected on motion, after notice, yet, as it operated as a fraud upon the mortgagor, it was equally within the province of a court of equity to correct it and relieve the mortgagor entirely from all evil consequences proceeding from it, upon a bill filed for that purpose. The master's deed, although a nullity, was a cloud upon the owner's title.

4. In such a case, a court of equity will set aside the decree and sale as to the land not embraced in the mortgage, restore the possession to the owner and require the purchaser to account for the reasonable rents and profits during the time the land was in his possession.

APPEAL from the Circuit Court of Franklin county; the Hon. ANDREW D. DUFF, Judge, presiding.

Mr. ALFRED C. DUFF, and Mr. JAMES M. GREGG, for the appellant.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Appellee filed a bill in equity against appellant, in the office of the clerk of the circuit court of Franklin county, alleging, in substance, that appellee, in 1864, conveyed to appellant the east half of the north-west quarter, the north half of the north-east quarter, and the south-west quarter of the north-east quarter of section 22, in township 7, range 4

east, in Franklin county, in consideration of $2000, $500 of which was paid at the time, and the remainder was to be paid in payments of $500 in one, two and three years, and was secured by promissory notes, and mortgage executed by appellant and wife on these lands ; that appellee brought suit in the Franklin circuit court at its August term, 1868, and foreclosed the mortgage as to two of the notes, the other note not then being due ; that the amount found due by the decree of court not having been paid according to the terms of the decree, the master in chancery sold the lands and appellee became the purchaser at the sale, and that the lands were not redeemed from this sale ; that appellee afterwards obtained an additional order for sale in the suit against the lands, finding the amount due on the remaining note and ordering the same to be paid, and in default, that the lands be sold by the master in chancery to satisfy the same, etc.   The bill, after some unimportant statements in regard to judgments in favor of appellant and against appellee, concludes with a prayer that the last order of sale be set aside, or modified so as to make it a decree *in personam* and not against the lands, and that execution thereupon issue, etc.

Appellant answered, admitting the conveyance of the lands, but denying that he executed a mortgage or gave a lien on a portion of the lands—alleging that he, in fact, executed a mortgage to appellee on the south-west quarter of the north-east quarter, and the east half of the south-east quarter of the north-west quarter, and a small tract in the north-east quarter of the north-west quarter on which the houses and outbuildings were located ; alleges that he paid on the purchase of the land $900, and not $500 as stated in the bill ; that the $900 was in full payment for the north half of the north-east quarter, and the portion of the east half of the north-east quarter of the north-west quarter, not mentioned in the mortgage. The answer then further alleges that the court, on a hearing of the foreclosure suit, only ordered a sale of the 62½ acres of land mortgaged by appellant to appellee ; that the minutes of

the judge, made at the August term of the court, show that fact. but that appellee and his counsel, intending to defraud appellant, procured a decree of foreclosure to be drawn up, embracing 97½ acres more of land than was included in the mortgage, and on which full payment had been made ; admits that appellee purchased the lands at the master's sale, and that they have not been redeemed, and alleges that the fact that the decree and sale embraced lands not included in the mortgage was kept a secret from him until after appellee had received a deed for the lands.

Subsequently, appellant filed his cross-bill in the case, in which he alleges, after stating, substantially, the same facts as are set up in the answer, that the judge's minutes only authorized the sale of the 62½ acres mentioned in the mortgage ; that the attorney of appellee wrote the decree and included the 97½ acres not mortgaged, for the purpose of defrauding appellant out of his land, or that it was the mistake of the deputy clerk ; that the decree as to the 97½ acres was never authorized ; that the first information he received that he had been overreached and his lands sold under the decree, which were not included in the mortgage, was from appellee, who threatened him with a writ of possession in case he refused to deliver possession to him ; that the time of redemption had then expired, and the master in chancery's deed for the property had been executed and the case stricken from the docket, and that he then surrendered possession of all the lands to appellee. The cross-bill then makes exhibits of the entire record in the proceedings to foreclose the mortgage, and concludes with a prayer for answer under oath, that the orders and decrees in the proceedings for foreclosure be reviewed ; that the deed to appellee be corrected and declared void as to the north half of the north-east quarter and the east half of the north-east quarter of the north-west quarter, except the 2½-acre tract in the east half of the north-east quarter of the north-west quarter of section 22, township 7, range 4 east ; that title to the land not mortgaged be declared to be

revested in appellant, and that appellee and all persons claiming under him be perpetually enjoined from further litigating or trying to charge appellant, or his heirs and assigns, with the demand claimed in the original bill for writ of possession as to the 97½ acres, and for an account of the rents and profits of the 97½ acres since appellant surrendered possession of the same to appellee.

Appellee was ruled to answer the cross bill, and failing to comply, was defaulted. The cause was then referred to the master in chancery to take and report the proofs, and his report, made pursuant to this order, fully sustains the allegations in the cross-bill.

The court afterwards, on hearing, decreed that both the original and cross-bills be dismissed—the original bill at the costs of appellee, and the cross-bill at the costs of the appellant.

This appeal is prosecuted for the purpose of reversing the decree and dismissing the cross-bill at the costs of the appellant.

The matters alleged in the cross-bill are sufficiently connected with the matters alleged in the original bill to authorize relief in this way. The purpose of the original bill was to revise the decree of foreclosure, and such is also the purpose of the cross-bill. The relief sought by both is through a correction of the decree of foreclosure. It is not essential, nor is it usual, that all the facts which go to show that appellant is entitled to the relief sought, should appear in the original bill. *James et al.* v. *Smith*, 14 Ill. 229 ; *Hurd* v. *Case*, 32 id. 45.

It is perfectly plain that, even if the decree of foreclosure had properly included the 97½ acres, the appellee, having become the owner of the property as purchaser at the master's sale, was not entitled to the relief sought in his original bill. The execution of the master's deed merged the legal and equitable title, and operated as a satisfaction of the mortgage, the appellee being still the holder of the entire indebtedness

secured by the mortgage. The purchaser, in such case, is presumed to have bought the land at its value, less the unpaid note. *Weiner* v. *Heintz,* 17 Ill. 259 ; *Mines* v. *Moore.* 41 id. 273. But there is no pretense of a justification appearing for the entry of the decree of foreclosure directing the sale of the 97½ acres not included in the mortgage. There was no authority in the court to make such a decree, much less in the clerk to enter it without the sanction of the court. The mistake, if such it was, operated as a fraud upon the rights of appellant, and, although it might have been corrected by a motion, after notice, it is equally within the province of the court to correct it and relieve the appellant entirely from all evil consequences proceeding from it upon a bill filed for that purpose. The relief in this mode is more satisfactory and complete. *Babcock* v. *McCamant,* 53 Ill. 214. The deed of the master in chancery to appellee, as to the 97½ acres, was a nullity, but it was, nevertheless, a cloud upon appellant's title, having a tendency to prejudice him in the sale or disposition of his property, and it was competent for him to seek its removal by bill, although he was out of possession and might have brought a suit at law to test the title. 2 Gross' Statutes of 1872, 36, sec. 116.

We are, therefore, of opinion, that the circuit court erred in dismissing appellant's cross-bill, and, inasmuch as the evidence is already before that court on which to render a proper decree, the decree of the court below dismissing appellant's cross-bill at his costs is reversed, and that court is directed to render a decree in favor of appellant for the 97½ acres of land not embraced in the mortgage from appellant to appellee, as prayed in the cross-bill, and to take an account of the reasonable value of the rents and profits of the 97½ acres during the time it has been in appellee's possession, and decree that the same be paid to appellant, etc., and that appellee pay the costs, etc.

*Decree reversed.*