## WILLIAM B. McCORMACK ET AL.
## v.
## MARY A. KIMMEL.

1. PROBATE LAW—SALE OF REAL ESTATE.—In a proceeding by an administrator for the sale of real estate to pay debts, if the county court had jurisdiction of the person and of the subject matter, it is not material how erroneously it decided upon the facts; the order for sale cannot for that reason be questioned in a collateral proceeding.

2. MISNOMER.—The fact that in such a proceeding a minor heir was wrongly named in the petition and order, cannot be availed of in this proceeding, especially when it appears that she was rightly named in the summons, and a guardian *ad litem* was appointed for her.

3. The objection that unjust claims were allowed, upon which an order of sale was made, cannot be raised in a proceeding to set aside the sale, as against the rights of *bona fide* purchasers at such sale, though it might have been good if made in the County Court, or on appeal to the Circuit Court.

4. HOMESTEAD—ABANDONMENT BY WIDOW.—Upon the death of the husband, the widow becomes the head of the family, and may abandon or release the homestead, and thereby produce the same results upon the rights of the children as though the release or abandonment had occurred while they were under the protection of the father.

ERROR to the Circuit Court of Williamson county; the Hon. M. C. CRAWFORD, Judge, presiding. Opinion filed August 1, 1879.

Mr. WILLIAM J. ALLEN, for plaintiff in error; that when the court has jurisdiction of the person and subject-matter, the title of the purchaser will be protected, cited Mulford v. Stalzen-

back, 46 Ill. 303; Myer v. McDougal, 47 Ill. 278; Moore v. Neil, 39 Ill. 256; Hobson v. McEwan, 62 Ill. 146; Moffitt v. Moffitt, 69 Ill. 641; Walker v. Diehl, 79 Ill. 473; Bostwick v. Skinner, 80 Ill. 147; Bowen v. Bond, 80 Ill. 351.

The County Court has general jurisdiction over sale of lands to pay debts: Hobson v. McEwan, 62 Ill. 146; Moffitt v. Moffitt, 69 Ill. 641; Propst v. Meadows, 13 Ill. 157.

The widow may abandon or release the homestead: Buck v. Conlogue, 49 Ill. 391; Clubb v. Wise, 64 Ill. 157; Shepard v. Brewer, 65 Ill. 393; Wright v. Dunning, 46 Ill. 271.

Complainant is estopped by the deed of release of her mother: Bigelow on Estoppel, 267; 3 Bouv. Inst. 373.

Mr. ANDREW D. DUFF, for defendant in error; that if the court had no jurisdiction the sale is void, and a purchaser takes nothing by his deed, cited Campbell v. McCahen, 41 Ill. 45; Kinney v. Knoebel, 51 Ill. 113.

The statute as to bringing parties into court in such proceeding must be strictly complied with : Reynolds v. Wilson, 15 Ill. 394; Herdman v. Short, 18 Ill. 59; Turney v. Turney, 24 Ill. 625; Clark v. Thompson, 47 Ill. 25.

Necessity of sale for debts is a jurisdictional fact, and must appear in the petition : Tost v. Dorman, 13 Ill. 127; Walker v. Diehl, 77 Ill. 473; Davenport v. Young, 16 Ill. 548; Fitzgerald v. Glancy, 49 Ill. 465; Farrar v. Dean, 24 Mo. 16; Rorer on Judicial Sales, § 237.

The widow cannot abandon the homestead to the prejudice of the minor heirs: Vanzant v. Vanzant, 23 Ill. 536; Walters v. The People, 21 Ill. 178; Miller v. Marckle, 27 Ill. 402; Brinkerhoof v. Everett, 38 Ill. 263; Hubbell v. Canady, 58 Ill. 425.

No sale by the administrator could pass homestead rights : Green v. Marks, 25 Ill. 221; Hoskins v. Litchfield, 31 Ill. 137; Smith v. Miller, 31 Ill. 158; Wing v. Cropper, 35 Ill. 256; Moore v. Titman, 33 Ill. 358; Pardee v. Lindley, 31 Ill. 186; Silsbee v. Lucas, 36 Ill. 462; Wiggins v. Chance, 54 Ill. 175; Conklin v. Foster, 57 Ill. 104.

McCormack v. Kimmel.

WALL, J.   The appellee filed her bill in Chancery in the Circuit Court of Williamson County, April term, 1874, against the appellants, for the purpose of setting aside the proceedings of the County Court of said county, March term, 1864, ordering the sale of the real estate of Joseph Herrin, deceased, to pay debts ; Joseph Herrin, the father of appellee, died intestate, January, 1856, leaving his widow, Miriam L. Herrin, since intermarried with David McIntruff, and appellee his only child, him surviving.  He was seized of the land in controversy, and was the owner of a small quantity of personal property. Henry F. Willford was appointed administrator and assumed to discharge the duties of the office.   At the March term, 1864, of the County Court, the administrator filed his petition, alleging that he had exhausted the personal estate in the payment of debts; that there were debts still unpaid, and praying for leave to sell the real estate.   The bill alleged that the order of sale upon this petition, and all proceedings thereunder were void because there was no jurisdiction of the person of appellee, because the County Court had no jurisdiction of the subject matter, and because the premises were the homestead of the widow and appellee.   Defendants answered separately.   Wm. B. McCormack averred that he had bought the property in good faith, and without notice of irregularities, at a fair price, and that he had sold a portion of it to his co-defendants.   D. J. McCormack and Pretchett also answered alleging that they had purchased without notice of irregularities, and in good faith, and that they had made lasting and valuable improvements.   The cause was heard at the January term, 1878, of the Williamson Circuit Court and a decree passed declaring void the order of sale and all proceedings thereunder, also setting aside the deeds to Wm. B. McCormack, D. J. McCormack and Pretchett, and requiring them to surrender the land to the complainant, and that they pay the cost.

The bill contains many charges of fraud and mal-administration, and there is evidence tending to establish these charges, or at least calling for explanation on the part of the administrator, but there is nothing in the record showing that McCormack or his vendees, had any knowledge of these matters,

and so far as is disclosed by the testimony, they acted in good faith. If then the court had jurisdiction of the person and of the subject matter, it is not material how erroneously it decided upon the facts; the order cannot for that reason be questioned in a collateral proceeding. Iverson v. Loberg, 26 Ill. 179; Stow v. Kimball, 28 Ill. 93; Mulford v. Stalzenback, 46 Ill. 303; Moffitt v. Moffitt, 69 Ill. 641. Many other authorities might be referred to but this doctrine is so familiar that further citation is unnecessary. The objection that there was no jurisdiction of the person, rests upon the fact that the appellee was in the petition and order named Mary Ann McIntruff. In the summons, her true name, Mary Ann Herrin, was given, and she was served by that name. A guardian *ad litem* was appointed for her. If she was not correctly named in the petition, objection should have been interposed in the proper way at that time. There is no doubt that she was served, and by the proper name, and the court thereby acquired jurisdiction of the person.

The error or irregularity, that she was described by a different name, cannot be availed of in a subsequent proceeding, and the fact that she was an infant makes no difference. This subject was fully discussed in the case of Pond v. Ennis, 69 Ill. 341, and the rule as here announced was declared and settled. The objection to the jurisdiction of the subject matter is based upon the alleged insufficiency of the petition. It is necessary that the petition should comply substantially with the statute, but it is not necessary that it should be absolutely beyond criticism. In the case of Moffitt v. Moffitt, 69 Ill. 641, it was said, "it suffices to give jurisdiction where the allegation is made, no matter how informally, that there are debts against the estate, that the personal property is insufficient to pay them, and that decedent left real estate." Upon careful examination, we think this petition contains all that was necessary under the statute then in force, in order "to set the court in motion, and require it to act in the premises, and that was sufficient to give the court jurisdiction," as was said in the opinion in the case of Iverson v. Loberg, 26 Ill. 179. Looking at the face of the petition and Exhibit A thereto attached,

McCormack v. Kimmel.

nothing appears wanting. It is true there is the averment that the administrator had applied all the assets that came to his hands towards the payment of the debts, "as by the accounts and vouchers on file in this court will more particularly appear," and that upon inspection of such of those accounts and vouchers, as are filed with the bill in this case, it is difficult to see that they support the allegations, yet these accounts and vouchers were not made a part of the petition, and while they may have been among the files of the County Court, it would not have been necessary in order to determine the validity of the petition as a pleading, to have examined them to see whether they supported this averment. This averment was one that the petitioner was bound to prove, and in a collateral proceeding it must be presumed that he did prove it to the satisfaction of the County Court, otherwise the order would not have been made. The appellee objects that there were in point of fact, no just claims against the estate upon which an order of sale could be predicated. If this be true, very great injustice was done, but that objection cannot prevail here, though it would have been good if made in the County Court, or upon an appeal or writ of error. The appellee had her day in court, a guardian *ad litem* was appointed for her, and if her interests were neglected and a decree suffered to pass upon insufficient proofs, the fault is with those who were representing her, and she must bear the loss rather than a *bona fide* purchaser of the land sold pursuant to the order of the court in that case. If it be said that in this case hardship is apparent, it must be remembered that individual instances of misfortune should not be allowed to affect the operation of general rules which have been long settled as guides to the public, and which by their application tend to the protection of private rights, and to the stability of titles under judicial proceedings. The rule here applied is of the highest value to the class to which this appellee belonged when the order was made, for, as was said by the Supreme Court in the case of Stow v. Kimball, 28 Ill. 111, "to hold that every purchaser at such a sale shall go and see that in truth there are debts owing by the estate sufficient to require a sale of the land

at the peril of getting nothing by his purchase, would drive all prudent buyers from such sales, and leave only sharpers and speculators as purchasers, and enable them to get the land at mere nominal prices, or at least at most ruinous sacrifices. No surer plan could possibly be devised to make estates insolvent, and to fritter away the real estate of heirs and devisees."

As to the question of homestead, the evidence is quite meagre, but it seems that the land was at the death of Herrin, his homestead, and that he left it in possession of his widow, in whose care and custody the appellee, an infant, then was; that after the sale the widow, by deed conveyed the land to McCormack, relinquishing her homestead rights, and that at some time, she did abandon the property and made her home elsewhere. It is urged that such action upon her part cannot affect the rights of the appellee. We think it is the settled construction of our homestead exemption statute, that after the death of the husband, the widow becomes the head of the family, and that she may abandon or release the homestead, and thereby produce the same results upon the rights of the children as though the release or abandonment had occurred while they were under the protection of the father. Wright v. Dunning, 46 Ill. 271; Buck v. Conlogue, 49 Ill. 391; Clubb v. Wise, 64 Ill. 157.

Hence the appellee could not insist upon any right to the premises by virtue of the homestead act. It follows from the view we take of the case, that the decree of the Circuit Court was erroneous.

Decree reversed and cause remanded.            Reversed.