# CHARLES MCCLAIN
## V.
# ANDREW WEISE.

*Mortgages—Purchase of Equity of Redemption by Holder at Judicial Sale—Merger—General Rule—Intention—Equitable Estoppel.*

McClain v. Weise.

1.  As a general rule, if the holder of a mortgage takes the equity of redemption and vests it in himself, a merger takes place, the estate being discharged from the incumbrance and the mortgage debt satisfied.

2.  In the case presented, it is *held:* That the evidence does not disclose facts or circumstances which would take the case out of the general rule; that the weight of the evidence is against such intention on the part of the holder of the mortgage when he purchased the equity of redemption; and that he is estopped upon equitable grounds from setting up a claim against a merger.

3.  When the holder of a mortgage on real estate, which is worth more than the mortgage indebtedness, purchases the equity of redemption at judicial sale, equity will not permit him to hold the land and also collect the mortgage debt from the mortgagor.

[Opinion filed. January 15, 1887.]

APPEAL from the Circuit Court of Bureau County; the Hon. GEORGE W. STIPP, Judge, presiding.

Mr. ROBERT FARWELL, for appellant.

Where anything else than payment is accepted as a satisfaction, it must appear that such was the intention of the parties.    Flower v. Elwood, 66 Ill. 444.

If a party acquires an estate on which he has an incumbrance, the incumbrance is in equity considered as subsisting or extinguished, according to his intention expressed or implied.    The intention is the controlling element.    Dunphy v. Riddle, 86 Ill. 28.

That case also shows that the burden of proof is upon the party claiming the extinguishment to show the intention to satisfy.

Where a party acquires a deed of land upon which he holds an incumbrance, and the question arises whether the incumbrance is discharged by the deed, the intention of the grantee will, in a court of equity, be considered the controlling consideration.    Shaver v. Williams, 87 Ill. 417.    See, also, Campbell v. Carter, 14 Ill. 286; Comstock v. Hitt, 37 Ill. 546 ; Weiner v. Heintz, 17 Ill. 259 ; Funk v. McReynolds, 33 Ill. 431.

Messrs. KENDALL & LOVEJOY, for appellee.

When the holder of a note secured by mortgage on land, which is worth more than the mortgage indebtedness, purchases·the equity of redemption in such land at judicial sale, equity will not permit him to hold the land and still collect the note from the mortgagor. Weiner v. Heintz, 17 Ill. 262; Funk v. McReynolds, 33 Ill. 495; Biggins v. Brockman, 63 Ill. 319; Robbins v. Swain, 68 Ill. 201.

BAKER, P. J. In 1877 Charles McClain sold and conveyed to Andrew Weise a tract of land in Cooke County, Texas, containing 100 acres, and received from him $600, the full consideration therefor. On the 11th of March, 1879, Weise executed a promissory note for $252.50 to J. Z. Keel or order, due twelve months after date, with interest at 12 per cent. per annum, and secured it by a mortgage to Keel on said tract of land. C. H. and L. J. McCormick recovered a judgment on the 2d day of October, 1879, before a Justice of the Peace in said Cooke County, for $150.24 against Weise; and on the 11th of March, 1880, an execution was issued upon said judgment, and delivered to a Constable, and levied on the land mentioned. Prior to the sale on this execution, Keel sold and transferred the Weise note and mortgage to McClain. By the law of the State of Texas a Constable has power to levy an execution from a Justice of the Peace upon real estate, and sell and deed the real estate, and from such sale there is no redemption. The Constable sold the land in question on the McCormick execution in May, 1880, and it was purchased by McClain for $20; and thereupon the Constable executed to him a deed, which deed had the effect to vest in him all the right, title, interest and equity of redemption of Weise in said real estate.

On the 26th day of March, 1880, and prior to the occurrence of a few of the transactions above mentioned, Weise made to McClain a promissory note for $30, due one day after date, and drawing 8 per cent. interest.

On the 17th day of December, 1880, and more than seven months after the sale of the 100-acre tract of land on execution, McClain instituted an attachment suit in the County

McClain v. Weise.

Court of Cooke County, Texas, based upon said note for $30 and said note for $252.50, and an attachment writ issued in that suit was levied upon 640 acres of land in Wichita County, Texas, as the property of said Weise. At the time of the commencement of the attachment suit, Weise was, and during all the time since has been, a resident of Bureau County, Illinois, and he did not enter his appearance in said suit, and the only service upon him therein was the delivery to him in Bureau County of a citation and a copy of the petition of McClain. The attachment proceeding resulted in a judgment against Weise, and a sale of the 640 acres of land to McClain for $30, and there being no right of redemption, a Sheriff's deed, which vested the title of Weise to said land in McClain. The amount realized by this latter sale as a credit upon the indebtedness of Weise to McClain, after deducting costs and expenses, was $17.45.

On the 19th of November, 1885, McClain commenced against Weise a suit at law in the Circuit Court of Bureau County, Illinois, and claimed the right to recover the full amount of principal and interest upon both the $30 note and the $252.50 note, less the $17.45 realized from the sale of the Wichita lands.

The record now here on appeal is that made in the Bureau Circuit Court in the matter of a bill in equity exhibited by Weise against McClain for the purpose of enjoining the prosecution of the suit at law upon the two Texas notes and compelling their surrender. The cause was heard upon bill, answer, replication and proofs; and the court found the facts and decreed that the injunction be made perpetual as to the Keel note, and that it be surrendered to Weise; that Weise pay the balance due on the $30 note, with 8 per cent. interest thereon, and the costs of the suit at law; that the judgment in the attachment proceeding be declared paid and satisfied, and that McClain pay the costs made upon the bill for an injunction.

The important question in the case is whether the mortgage note given by Weise, appellee, to Keel, and by the latter assigned to McClain, appellant, was satisfied by the sale to

appellant upon the McCormick execution of the equity of re-
demption of appellee in the tract of land containing 100
acres, said tract being the subject of the mortgage. The
general rule, both at law and in equity, is that if a person
holds a mortgage upon real estate, and then by his own act
takes the equity of redemption and vests it in himself, a
merger takes place and the estate is discharged from the in-
cumbrance and the mortgage debt satisfied. Appellant, how-
ever, insists the intention is the controlling consideration, and
that if a party acquires an estate upon which he has an in-
cumbrance, the incumbrance is, in equity, considered as sub-
sisting or extinguished according to his intention expressed
or implied. This doctrine is announced in the leading case of
Campbell v. Carter, 14 Ill. 286, and in numerous subsequent
cases, many of which are cited in the briefs. In Carter v.
Harrison, the general rule, as first above stated, is recognized;
and the court quote with approval the language of Chancellor
Kent, used in James v. Johnson, 5 Johns. Ch. 417, that "in
equity the merger is prevented and the distinction of the
estates preserved in special cases only," and that this is done
" where the intention of the party is distinctly declared at the
time, or where something just and beneficial requires the
charge to be preserved in a case in which the party has not
declared or can not declare his intention."

Unless there are facts or circumstances in proof that take
this case out of the general rule, it must be held it was the
intention of appellant at the time he bought the land and
took the conveyance from the Constable, to receive it in
satisfaction of his mortgage and mortgage debt. The salient
point is the intent existing at the very time of the purchase.
It will be at once admitted that the fact that more than five
years thereafter he brought suit in the Bureau Circuit Court
to collect the mortgage note, affords but the very slightest, if
any evidence whatever, of what his real intention was at the
time indicated. And so, upon the same principle, when more
than seven months thereafter, he, knowing Weise had re-
moved from the State leaving behind him land in another
county, sued out attachment process based in part on this mort-

gage note, and when, in the latter part of 1880 or early part of 1881, he made the conflicting statements to Stevens, that he bought the land subject to the Keel mortgage, and also that he intended to hold Weise for the balance, such circumstance and such conversation have but small probative force to show the intention existing in May, 1880. When the acts done and statements made are concurrent with the principal act and form a part of the *res gestæ* of that act, then, such acts or statements are frequently conclusive in respect to the intent. Such, however, is not the case now before us. Under the circumstances of Dunphy v. Riddle, 86 Ill. 22, the retention of the note and mortgage by the mortgagee and grantee was a strong and controlling fact to show it was the intention there should be no merger, while here that fact has almost no force whatever. There the deed to the equity of redemption was made by the mortgagor himself and for an independent indebtedness, and had an extinguishment of the mortgage been intended, the note and mortgage would naturally have been given up or canceled; but here the conveyance was by an officer of the law under a judicial sale, and Weise, the mortgagor, had removed from the State. The only testimony of any moment in the record tending to prove the intention at the date of purchase was there should be no merger is that of McClain himself, who testified that in buying the land at the sale he did not intend that his claim against Weise, on the Keel note, should be extinguished.

We think the weight of the evidence is with appellee on the question of intention. The latter was financially embarrassed at the time of the Constable's sale, and had left the State. The land sold was worth five or six hundred dollars at the time, and was rented for $100 a year cash rent; the amount due on the Keel note and mortgage at the time of the sale was only $287.45 and the equity of redemption was purchased for $20. The fact that the land was worth more than the incumbrance and the amount bid or consideration of the deed, is strong evidence to show a merger was intended. So, also, if any person other than appellant had bid off the land at the Constable's sale, he would necessarily have bought sub-

McClain v. Weise.

ject to the mortgage debt, and when appellant purchased he must have known he stood upon the same footing with other bidders at this public judicial sale, and that the same burdens the law imposed upon them it also imposed upon him. Had the land been struck off to another bidder, such bidder would have bought and would have held only the equity of redemption, and would have paid only the value of that. It must be presumed that appellant well knew that in buying at the sale he purchased and would get that and only that which any other bidder would have procured had the land been struck off to him; and that he so intended at the time. We are inclined to the view that at the time of the sale, knowing appellee was insolvent and had left the State, he really expected to take the land for the mortgage debt, but was afterward tempted by the apparent opportunity to make both notes out of the Wichita lands, to change his mind and come to a different conclusion.

Moreover, upon purely equitable grounds, appellant should be held to be estopped from claiming he did not intend there should be a merger. Were such claim allowed, it would work a fraud not only upon appellee by depriving him of his property rights and compelling him to pay therefrom appellant's debt twice, but also upon the other bidders at the judicial sale, who clearly had a right to stand thereat upon an equal footing with him. The cases of Weiner v. Heintz, 17 Ill. 259; Funk v. McReynolds, 33 Ill. 481; Biggins v. Brockman, 63 Ill. 316, and Robins v. Swain, 68 Ill. 197, are all authorities to show the doctrine to be that, when the holder of a note secured by mortgage on real estate which is worth more than the mortgage indebtedness, purchases the equity of redemption in such real estate at judicial sale, equity will not permit him to hold the land and also collect the mortgage debt from the mortgagor. These authorities are not in conflict with the decisions in Campbell v. Carter and the line of cases cited by appellant. The rule that the intention is the controlling consideration, would not have application as being necessarily paramount to all other considerations, when such intention was not clearly expressed at the very time of the

transaction involved; and even when so expressed a court of equity would not permit it to be used by the party who gave utterance to the expression as a sword for the accomplishment of fraud, or of injustice and wrong to others. Such a case would not be regarded as one of the special cases in which equity would interfere to prevent the merger, and the general rule first above stated would prevail. In some of the cases of a purchase of the equity of redemption, where it will properly be held there was a merger, it clearly appears from the facts in evidence that such was the intention; in others, upon equitable grounds and in order to work out a just and beneficial result and prevent a wrong or fraud, the intention is conclusively presumed; and in still others, all that is required is the mere fact the general rule is that when the mortgagee takes the equity of redemption there is a merger.

The decree of the Circuit Court is affirmed.

*Affirmed.*