MARY WAHL *et al.*

*v.*

FRANK ZOELCK.

*Opinion filed February 17, 1899.*

1. MORTGAGES—*owner of first and second mortgages need not include both in one decree.*   A second mortgagee, who has also become the owner of the first mortgage by assignment, is not obliged to bring it forward and include it in a decree foreclosing the second.

2. SAME—*purchaser at foreclosure of second mortgage takes subject to first mortgage.*   Foreclosure of a second mortgage after the second mortgagee has become the owner of the first mortgage by assignment does not merge the latter in the one foreclosed, so as to give the purchaser at the sale a superior title.

*Wahl* v. *Zoelck,* 77 Ill. App. 226, affirmed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

M. SALOMON, for plaintiffs in error.

WALTHER & LANAGHEN, for defendant in error.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

This is a writ of error from a decree foreclosing as a mortgage a deed of trust given by John Wahl and wife, Mary Wahl, to secure a note for $1300, dated August 7, 1885, to Barney McGough, for borrowed money. The bill, which was filed October 4, 1894, alleged that after deducting payments of interest, and upon the principal, there remained due $834, with interest from July 21, 1891. John Wahl died November 6, 1893, leaving his widow, said Mary Wahl, and children, who, with her and Moses Soloman, are the plaintiffs in error. The Appellate Court affirmed the decree of foreclosure.

The defense made below and sought to be maintained on this writ of error was and is, that a subsequent mortgage on the property was foreclosed on a bill filed September 14, 1892, by Henry Zoelck, and decree entered March 12, 1895, and that under that decree the property was sold and plaintiff in error Soloman purchased and obtained a deed for it, and the contention seems to be that the purchaser at the sale who had obtained his certificate of purchase obtained the superior title; that before the decree in that case was entered Henry Zoelck acquired the note and deed of trust given to McGough, and should have brought it forward and included it in the decree in that case, and failing to do so, his assignee of the note, Frank Zoelck, the complainant in this bill, cannot now assert his lien as against Soloman. In support of this contention plaintiffs in error cite *Weiner* v. *Heintz*, 17 Ill. 259, and *Mines* v. *Moore*, 41 id. 273. Those cases are not in point. There the holder of the other lien bought the property at the sale, and it was held that it should be presumed he bought it at its value diminished by the lien still resting upon it, and for that reason he could not thereafter enforce payment of the debt

secured by such lien. It certainly is not the law that the complainant in a bill to foreclose a second mortgage cannot afterward become the assignee of a first mortgage without having it merged in the one foreclosed. Nor is there any evidence, if it were important to inquire into that question, that Henry Zoelck is the real owner of the note and mortgage here sought to be foreclosed, instead of the complainant, Frank Zoelck. Neither of the Zoelcks bought the property at the sale and the prior encumbrance was not merged.

It is next contended that as against the interest of the widow and children of John Wahl the right to foreclose is barred by *laches* or limitation by the lapse of nine years after the maturity of the note before the filing of the bill. Why this should be so no sufficient reasons are urged or appear from the record.

No meritorious defense to the bill appearing, the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*