M'Girk, C. J.,
delivered the opinion of the Court.
In this case, some of us were of opinion, the scire facias was wrong in its conclusion in praying judgment, as it does of the damages recovered; and there can be no question that prayer is wrong ; hut it appears from the case in 4 East's Rep. 502, that the pica concluded in bar, and prayed judgment, if the plaintiff ought to have and maintain his action. Whereas, it should have been, if the plalntiffought farther to have and maintain his action; the plaintiff replied, and prayed judgment of his damages, &c. To this, there was a special demand, and the Court gave judgment for the defendant ; for, that it appeared on the whole of the record, he was entitled to judgment, notwithstanding the bad conclusion of his plea. In this case, the Court expressly hold, and prove by authorities, that they must give the right judgment, notwithstanding the wrong prayer of the plea ; so that enough appears on the lecord to show that judgment should he given.
The case in 1 Strange, 522, shows, the Court rejected all that came after the prayer of judgment. The note in 1 Sand. 97, (note 1 si,) shows,- conclusions of law need not he set forth. Here, the prayer is, to show cause why exceptions should not go for the damage?, according to the effect of the recognizance. Here, the damage may well be stricken out, and there will he remaining enough, and it will not affect the sense of what remains. This, therefore, is only surplusage ; but the case in Wilson, 98, determines, on special demurrer, that this is not surplusage, but therij was a special demurrer. The case in Wilson delermines, this sort of prayer is had on special demurrer, and they say, this sort of defect is amendable, which shows it was only a defect in form. The case in Wilson does not go the length we at first thought it did ; we thought the Court meant, the defect in that case was subsíance j hut it was not so. The statute, which says, all pleadings containing suffie'ent matter to bring the merits of the cause at issue, may be admitted without respect to form ; and another part of the same statute requires all defects, in form, to he demurred to specially.
Here, the pleadings contain sufficient matter to put in issue the merits. The defendant might have plead payment of the specific sum in the recognizance, and, if true, he would have been discharged ; or, he m:ght have plead any other meritorious plea; here, there is a general demurrer, which cannot reach the defect.
For these reasons, the judgment of the Circuit Court is reversed, and judgment given for the plaintiff.