MATT MILLER AND OTHERS, PLAINTIFFS IN ERROR, V.
NICHOLS, SHEPARD & CO., DEFENDANTS IN ERROR.

1. **Warranty.** When the soundness of a piece of machinery is
guaranteed by a warranty, one of the conditions of which is that
in case of a defect being discovered in any portion of it, the seller
shall be liable only on condition of the production of the defective
piece at the manufactory, or to the agent by whom it was sold,
this is a condition precedent, and must be complied with, or there
can be no recovery.

2. ————. Where the very defect complained of is fully and clearly
covered by the warranty, no liability can be established against
the seller on the ground of fraud in not disclosing the defect if
known by him at the time of the sale. In such case the pur-
chaser must rely on the contract of warranty.

ERROR to the district court of Colfax county. Tried
below before POST, J. It was an action upon two prom-
issory notes given by plaintiffs in error in part payment
of a threshing machine which they had purchased from
defendants in error, who sold the same upon the follow-
ing warranty:

"This machine is ordered, purchased, and sold subject
to the following warranty and agreement: That with
good management it is capable of doing a good business
in threshing and cleaning grain, and is superior to any
other kind of machine or to any 'endless apron' thresher
manufactured in the United States in its adaptation for
separating and saving from the straw the various kinds
and conditions of grain and seeds, with less waste, less
litterings and less detention from wet or bad conditioned
straw or bad weather. Conditioned that upon starting
the machine the undersigned purchasers shall intelli-
gently follow the printed hints, rules and directions of
the manufacturers, and if by so doing they are unable to
make it operate well, written notice, stating wherein it
fails to satisfy the warranty, is to be given by the pur-

chaser to the dealer through whom purchased, and to Nichols, Shepard & Co., at Battle Creek, Michigan, and reasonable time allowed to get to it and remedy the defect, unless it is of such a nature that they can advise by letter. If they are not able to make it operate well (the purchasers rendering necessary and friendly assistance), and the fault is in the machine, it is to be taken back and the payments refunded, or the defective part remedied and made the same as in their other machines which do perform satisfactorily. But if the purchaser fail to make it perform through improper management, or neglect to observe the printed or written directions, then the purchasers are to pay all necessary expenses incurred.

"Also, that if any part of said machine, except the levers or belting, fails during this year in consequence of any defect in material of said part, if the purchaser shall have observed the printed or written directions applicable to the management of such part, Nichols, Shepard & Co. are to furnish a duplicate of said part free of charge, except freight, after presentation of the defective piece, clearly showing a flaw in material, at the factory or to the dealer of whom said machine was bought at any time within one year; but deficiencies in pieces not to condemn other parts, and deficiencies in general adaptation for threshing, separating and cleaning, which alone involve the taking back of the machine are to be reported within ten days after starting it, and not after long use and injury to the machine."

The first defense in the answer of plaintiffs in error was that the warranty had been broken in this: One of the timbers on which the horse power rested was broken when purchased, bolted together, puttied over and painted; by reason of the insufficient timber the power gave way in the wheels, iron, etc., and could not be used.

That Miller and others, as soon as the defect was discovered, notified in writing Nichols, Shepard & Co. and their agent of the defect. That Nichols, Shepard & Co. failed to remedy the defect or refund the money.

The second defense charges fraud in the sale, in misrepresentations of the kind of materials used in the construction of the machine, etc., claiming damages in the sum of one thousand five hundred dollars. To this answer Nichols, Shepard & Co. replied. The case was tried by a jury, and upon the evidence adduced the court instructed the jury to return a verdict for Nichols, Shepard & Co. Judgment on the verdict. Exceptions. Cause brought here by petition in error.

*W. A. Marlow* and *C. J. Phelps,* for plaintiffs in error.

The manufacturer of new machinery impliedly warrants that it is constructed out of sound and good materials, and is fit for the use intended; if not so constructed he is liable to the purchaser for all damages sustained. This rule is too well settled to require the citation of authorities to sustain it. This implied warranty must govern in this case, because it has not been changed by the express warranty as given. The implied warranty is modified in this: it fixes the measure of damages. If the machine was not as warranted, Nichols, Shepard & Co. had the privilege of making it so on being notified, etc. If they could not make it operate well, then they should have taken it back and refunded the money. *Rodgers v. Miles,* 11 Ohio State, 48. *Field v. Kinner,* 4 Kan., 476. *Brenton v. Davis,* 8 Blackf., 316. *Walton v. Cody,* 1 Wis., 420.

This implied representation may or may not amount to a fraud on the purchaser, according to the circumstances of the particular case. In this case it did, because

the manufacturer intended to deceive. He could have prevented the injury; he knew of the broken timber; he could have advised the purchaser of that fact; his silence was a fraud on the purchasers. 1 Parsons on Contracts, 590. *Jones v. Edwards*, 1 Neb., 170. *Frenzel v. Miller*, 37 Ind., 1. *Belden v. Henriques*, 8 Cal., 88. *Miller v. Stewart*, 24 Cal., 503. *Hadley v. Clinton County*, 13 Ohio State, 502. *Miner v. Medbury*, 6 Wis., 295. *Hill v. O'Ferrell*, 45 Ind., 268. *Fowler v. Swift*, 3 Ind., 188. *Page v. Ford*, 12 Ind., 46.

*W. H. Munger*, for defendants in error.

The giving of the notice, if the machine failed in its general adaptability to do a good threshing business, and the presentation of the part manufactured of defective material at the factory, if the fault was in being constructed of defective material, were conditions precedent to be performed on the part of the purchaser, and unless they fully complied with the conditions precedent they cannot hold Nichols, Shepard & Co., liable for a breach of the warranty. *Walton v. Cody*, 1 Wis., 420. *Brombuger v. Greiner*, 18 Iowa, 477. *Horner v. Woodruff*, 1 Doug. (Mich.), 51. *Hills v. Bannister*, 8 Cow., 33. *Priney v. Hall*, 1 Hill, 90. *Bragg v. Bamburger*, 23 Ind., 198.

No representations are shown to have been made, except such as are contained in the express warranty given. That N., S. & Co. had knowledge of the defects is not shown, unless such knowledge is inferred from the fact that they were the manufacturers. No intention to deceive can be maintained, because N., S. & Co. agree to furnish duplicates of defective parts free of charge.

The fact that portions of said machine was constructed of defective material would not constitute a fraud in this case even if such was the rule ordinarily, as the parties

seemed to contemplate that there might be defective material, and provided what should be done in such case, to-wit: defendants should present the defective pieces at the factory and plaintiffs would furnish duplicates of such pieces; defendants cannot claim any surprise in this case; had they presented the material at the factory and plaintiffs refused to furnish duplicates, defendants could recover on breach of warranty.

LAKE, CH. J.

In principle this case is not distinguishable from that of *Nichols, Shephard & Co. v. Hail*, 4 Neb., 210, in which this court held that, "when in a contract of warranty there are conditions precedent to be observed and performed by a purchaser, he must show a fair and reasonable compliance with the terms of the contract on his part or he will not be permitted to enforce it against the warrantor."

In the case now before us the terms of the contract are undisputed. It is in every particular conditional, and covers every conceivable defect that could exist in the machine.

As to the general adaptability of this threshing machine to do all the work that was expected of it, and to do it well, there is no complaint. In these respects it answered fully the requirements of the warranty. The only substantial defect being in one of the timbers on which the horse-power rested.

The testimony shows that this timber gave way so as to need repairing in January, 1873, after having been run steadily some five months; and it was continued in service until the following September, when it was cast aside. The defect was caused by a check, or split in the timber, which in the manufacture had been so brought together and secured with iron bolts and paint as not to be observed until it finally gave out.

This defect was covered by the warranty, and Nichols, Shephard & Co. would have been required to make it good had it been properly brought to their notice. That portion of the contract bearing upon this point, is in these words, viz: "Also, that if any part of said machine, except the levers or belting, fails during this year in consequence of any defect in the material of said part, if the purchasers shall have observed the printed or written directions applicable to the management of such part, Nichols, Shephard & Co. are to furnish a duplicate of said part free of charge, except freight, after presentation of the defective piece, clearly showing a flaw in material, at the factory, or to the dealer of whom the machine was bought, at any time within one year."

Such being the condition of the warranty, in order to show a liability under it, it is not enough to prove merely that a part of the machine was defective, but in addition to that fact it should appear that the defective piece was presented, either to the manufacturers themselves, or to their agent from whom the machine was purchased. But there is nothing in the record tending to show that there was any attempt on the part of the plaintiffs in error to comply with this condition, and having wholly failed in this respect, they are in no situation to complain of the defendants in error.

The attempt to establish the existence of fraud on the part of Nichols, Shephard & Co., in the sale of this machine, on the ground simply that a defective piece of timber was used, is futile. There was nothing tending in the least degree to taint the transaction with fraud so far as they are concerned. In the supposition that at least some unsuitable material might have been used in the manufacture of the article the parties agreed in writing what the effect should be, if on trial it should be shown that such was the case. By this contract, entered

into with a full knowledge of its import, and what it required of each, the parties are bound.

The evidence shows very clearly that there was no just defense to the notes, and the court did right in directing a verdict accordingly.

JUDGMENT AFFIRMED.