Bunch v. Grave *et al.*

Filed June 28, 1887.

————◆————

No. 12,786.

BUNCH v. GRAVE ET AL.

SHERIFF'S SALE.—*Purchaser.*—*Prior Encumbrance.*—*Effect of Payment by Purchaser.*—Where the equity of redemption in real estate is sold on execution, the purchaser takes the land charged with all prior encumbrances. The amount bid will be presumed to be the price or value of the property, less the encumbrances, and where the purchaser obtains title to the land, and subsequently pays off pre-existing liens of which he had notice, he will not be permitted to keep them alive by having them assigned to himself, when to do so would operate as an injury to another who has the right to have them treated as extinguished.

SAME.—*Married Woman.*—*Mortgage.*—G. purchased at sheriff's sale on execution a tract of land sold as the property of B., subject to the lien of two prior mortgages executed by B. and wife. Afterwards the wife of B. had her one-third interest in the land set off to her under the provisions of the act of March 11, 1875. Subsequently, G.'s title having matured, he purchased and had assigned to him one of the prior mortgages, which he caused to be foreclosed taking the decree in his own name. The other was foreclosed, and the decree and judgment purchased by and assigned to G. Both decrees adjudged that G.'s interest in the land should be first sold for the payment of the debts. His interest exceeded in value the amount of the judgments.

*Held*, that by the purchase of the mortgage debts by G., they were thereby extinguished as to Mrs. B., and no longer operated as liens upon her interest in the land.

MARRIED WOMAN.—*Act of March 11, 1875.*—*Inchoate Interest.*—*Sheriff's Sale.*—*Prior Mortgage.*—A married woman, who, under the act of March 11, 1875, has had her interest in her husband's real estate, which has been sold on execution, set off to her, occupies a relation analogous to that of surety as to prior mortgages on the whole tract, in which she has joined, and the two-thirds of the land taken by the purchaser at the sheriff's sale is charged with the payment of all such prior encumbrances, provided it is of sufficient value.

REMEDY.—*Misconception of Party.*—A party who imagines he has two or more remedies, or who misconceives his rights, is not to be deprived of all remedy, because he first tries a wrong one, which is not inconsistent with his true and effectual remedy which he should have pursued in the first instance.

From the Randolph Circuit Court.

E. L. Watson and J. S. Engle, for appellant.

H. C. Fox, J. F. Robbins, W. A. Thompson, A. O. Marsh and J. W. Thompson, for appellees.

MITCHELL, J.—In October, 1877, Augustus Bunch was the owner of a tract of land in Randolph county which was encumbered by two mortgages, in the execution of which he and his wife had united. The mortgages were given to secure the husband's debts. There were, at the date above mentioned, several judgments against Bunch, which imposed junior liens upon the land. Grave procured these judgments to be assigned to him, and caused executions to be issued thereon. The land was sold at sheriff's sale, Grave becoming the purchaser. Bunch failed to redeem, and the purchaser received a sheriff's deed. The sale having been made after the act of March 11th, 1875, came in force, Mrs. Bunch, the wife of the judgment debtor, became vested with a fee-simple title to the undivided one-third of the land purchased by Grave, subject to the encumbrance of the prior mortgages. She had the interest thus vested in her set off by proceedings in partition. Grave went into possession of the two-thirds set off to him. Subsequently the prior mortgages were foreclosed, and in the decrees of foreclosure, both of which drew ten per cent. interest, it was adjudged that the land set off to Grave should be first sold to satisfy the mortgage debts, which aggregated $1,542.35. The land set off to Grave is alleged to be worth $3,000. One of the mortgages was assigned to Grave before it was foreclosed, and the decree was taken in his name. The other was purchased and assigned to him after it was foreclosed, Grave being in possession of the two-thirds set off to him, and assuming to

be the owner of the several decrees above mentioned, which he treated as being on foot, declared his purpose to hold them alive until the several decrees and accumulating interest should amount to a sum equal to the value of the whole tract, when he proclaimed his purpose to sell the whole to satisfy the several mortgage decrees.

Through some singular and unaccountable misconception of her rights, Mrs. Bunch then filed a petition in the Randolph Circuit Court, asking that Grave be compelled to proceed and sell the land, according to the terms of the several decrees, claiming that the two-thirds set off to him was more than sufficient in value to satisfy both, and asserting that the purpose of Grave to hold the decrees until the interest should accumulate was inequitable, and injurious to her. The court made an order according to the prayer of the petition. Grave appealed to this court, and the order of the circuit court was affirmed. *Grave* v. *Bunch*, 83 Ind. 4. Afterwards Grave issued orders of sale on the foreclosure decrees, which both parties seemed to treat as alive and in force. He caused his own land to be sold, bidding it in himself for one hundred dollars.

The foregoing, with many other immaterial facts, are set forth in a petition by Mrs. Bunch to the Randolph Circuit Court, upon which she again asked the intervention of the court. She prayed that it might be adjudged on the foregoing facts that the land set off to her was discharged from the lien of the several decrees, which Grave assumed to hold, and which he was threatening to enforce against her land, and asked that her title might be quieted. The court below sustained a demurrer to the petition, and the question is, whether, upon the facts above summarized, the appellant is entitled to any relief.

The most serious impediment in the appellant's way is the anomalous proceeding by which she sought to compel the appellee to sell the two-thirds of the land to which he had

obtained title under the sheriff's sale, in order to satisfy debts which he claimed to be owing to himself.

It is now insisted that Grave ought to be denied any further remedy on the several mortgage decrees because of his delay in proceeding to sell. It is said that the appellant is without the means to bid in the land; that meanwhile a purchaser, whom she had procured, and who stood ready to purchase the land owned by Grave for the full amount of the decree and costs, has invested his money otherwise, and now declines to purchase, and that hence an injury has resulted to Mrs. Bunch. On the other hand it is asserted, or rather assumed, that Grave occupies the relation of creditor to the land, and that he is not to be prejudiced in the collection of his debt by mere passive delay; that it was the surety's business, it being apparently assumed on all hands that Mrs. Bunch occupies the relation of surety, to pay the debt and then proceed against the property. On both sides, as it will thus be seen, the true relation of the parties to the property, and to each other, is singularly ignored.

Grave, it will be remembered, purchased real estate owned by Bunch, at an execution sale, the land being at the time subject to two prior mortgages. It is well settled that where an equity of redemption is sold on execution, the purchaser takes the land charged with the payment of all prior encumbrances. The land becomes the primary fund for the payment of all encumbrances charged upon it prior to that upon which the sale is made. The amount bid will be presumed to be the price or value of the property, less the encumbrances. In such a case, where the purchaser obtains title to the land and subsequently pays off the pre-existing encumbrances, of which he had notice, he will not be permitted to keep them alive by having them assigned to himself. Having obtained the fund out of which the encumbrances are to be paid, he does nothing more than to discharge his own equitable obligation when he pays them off. *Atherton* v. *Toney,* 43 Ind. 211; *Shuler* v. *Hardin,* 25 Ind. 386; *Han-*

*cock* v. *Fleming*, 103 Ind. 533 ; *Robins* v. *Swain*, 68 Ill. 197 ;
*Weiner* v. *Heintz*, 17 Ill. 259 ; *Mines* v. *Moore*, 41 Ill. 273 ;
*Johnson* v. *Zink*, 51 N. Y. 333 ; *Russell* v. *Allen*, 10 Paige,
249 ; *Cleveland* v. *Southard*, 25 Wis. 479 ; Jones Mort., section 736.

One who purchases property at an execution sale, is in the same position in respect to previous encumbrances as one who takes a quitclaim deed, or one who takes a deed expressly subject to encumbrances which constitute a charge upon the land. Such persons do not become personally liable to pay pre-existing encumbrances, but as in each case the purchaser is deemed to have deducted the amount of the prior encumbrances from the purchase-price, the land in his hands becomes the primary fund out of which the encumbrances are to be paid. When the purchaser pays them off, no matter by what method, they will be treated as extinguished, unless there is some equitable purpose to be subserved in keeping them alive. They will not be kept alive, however, when to do so would operate to the injury of another who has the right to have them treated as extinguished. Pomeroy Eq., section 1205 ; Jones Mort., section 737.

Grave having become the owner in fee, under his purchase at the execution sale, the land set off to him was, under the decrees which adjudged that his lands should be first sold, primarily charged with the payment of the prior mortgages. This was so, because presumptively he had deducted the amount of these mortgages out of the purchase-price when he bid in the land. When he purchased and took assignments of the mortgages, he simply paid the balance of the purchase-money, and the mortgages, with the debts which they secured, became merged in the fee which he had previously acquired. They had, therefore, no longer any existence. According to the rule that where two titles or interests in land unite in the same person, from the same source, the lesser estate or interest will merge in the greater and become extinct, unless there be some just and equitable intention to

the contrary which will injure no one, the mortgages which were assigned to Grave became extinguished. *Birke* v. *Abbott*, 103 Ind. 1 (53 Am. R. 474); *Montgomery* v. *Vickery*, 110 Ind. 211.

There could be no just motive or equitable purpose which would authorize Grave to keep his own mortgages alive against his own land, and perform the novel feat of selling his land to pay debts which he had already paid, and for the payment of which his land was equitably charged. He knew when he purchased the land at the execution sale that, under the law of 1875, he acquired a right, and could obtain title as against the wife of the execution debtor to the undivided two-thirds of the land and no more. He was bound to know that as to the prior mortgages, executed by Mrs. Bunch and husband, for the latter's debt, she occupied a relation analogous to that of a surety. The two-thirds as to her was, therefore, charged with the payment of the whole debt, provided the land was of sufficient value. When he bid in the land and took the title he was bound to know that he took it charged with the payment of the existing encumbrances. When he paid them off he presumably paid just what, in legal effect, he agreed to pay for the land, viz., the amount of his bid and the prior encumbrances.

Payment of the prior mortgages by Grave was practically no more than the completion of all that was implied in his contract of purchase. That was the end of the transaction both as to Bunch, the original debtor, and his wife. True, she stood toward the mortgages, prior to their payment by Grave, in a relation analogous to that of a surety, but she owed no obligation to him. She was rather in a situation in which, for the protection of her own land, she was bound to see that Grave performed the obligation which primarily rested upon his land. He was, in effect, the principal, because he was in possession of the fund out of which the debts were to be paid, and which, it is admitted, was sufficient to pay the debts. In effect, he had in his hands the money with which

to pay the encumbrances which rested upon the lands of both. When he paid them, he simply discharged his own primary obligation, out of a fund which he held for the benefit of himself and Mrs. Bunch. *Sanders* v. *Weelburg,* 107 Ind. 266.

Does the fact that Mrs. Bunch subsequently, under a misconception of her legal rights, obtained an order from the court requiring appellee Grave to proceed to sell his land, estop her from now asserting her rights as we have shown them to be? It can not be deemed that the order thus obtained has in any way enlarged the rights of Grave, or deprived the appellant of her equitable remedy.

She is not in the situation of a party who, having two inconsistent remedies, resorts to one, and is thereby concluded by her election. She had but one effectual legal or equitable remedy, and that was to have it adjudged that the decrees held by Grave were satisfied. A party who imagines he has two or more remedies, or who misconceives his rights, is not to be deprived of all remedy because he first tries a wrong one. *Kelsey* v. *Murphy,* 26 Pa. St. 78 (83); *Morris* v. *Rexford,* 18 N. Y. 552; *Lee* v. *Templeton,* 73 Ind. 315.

When Mrs. Bunch instituted her proceeding in the first instance, the appellee was wrongfully asserting his purpose to enforce the decrees, which were extinguished, to her prejudice. Her proceeding was a misadventure. It proved unavailing, because of the delay successfully interposed by her adversary. It has not, however, deprived her of the relief to which, upon the facts, she is equitably entitled. That proceeding has affected no right of the appellee. He could have ended the litigation long ago by giving over his purpose to perpetrate a wrong upon the appellant. The justice to which she was entitled from the beginning, and which has been too long delayed, ought not be wholly denied because she mistook her remedy in the first instance.

The complaint sets forth many facts that are wholly immaterial, but it also states facts which entitle the appellant to

have the mortgages cancelled as to her land. It was therefore error to sustain the demurrer to her complaint, and for this error the judgment is reversed, with costs.

Filed June 22, 1887.