Leach v. Adams.

## LEACH *v.* ADAMS.

[No. 2,857. Filed February 14, 1899.]

PLEADING.—*Demurrer.*—*Form Of.*—A demurrer to a complaint for the reason that the same "does not contain facts sufficient to constitute a cause of action" is, in form, a sufficient compliance with the fifth clause of section 342, Burns' R. S. 1894, as the word "contain" is a substantial equivalent for the word "states." *p. 549.*

JUDGMENT.—*Default.*—*Action to Set Aside.*—*Appearance.*—*Process.*— Plaintiff brought an action for money had and received, to which defendant appeared. Plaintiff then filed an additional paragraph of complaint for unlawful conversion of money. Defendant, failing to discharge a rule to answer the second paragraph, judgment was taken against him by default. *Held*, in an action to set aside the judgment and default, that the default was not without service of process, and that the judgment was valid. *pp. 549, 550.*

From the Morgan Circuit Court. *Affirmed.*

*N. A. Whitaker, D. A. Leach* and '*E. R. Odle*, for appellant.

*A. M. Bain* and *O. Matthews*, for appellee.

COMSTOCK, J.—Appellant brought this action against appellee to set aside a judgment and alleged default. An amended complaint in two paragraphs was filed, to each of which a demurrer was filed and sustained; and, the appellant refusing to plead further, judgment was rendered in favor of appellee for costs. This ruling is the only error assigned. In each paragraph appellee sets out in full the complaint and judgment in the case of Adams v. Leach,—the judgment sought to be set aside. In the first, he asks to have the judgment set aside because of his alleged mistake, inadvertence, surprise, and excusable neglect. In the second, in addition to the averments of the first, it is alleged that the first paragraph of appellee's complaint in the original cause was one for money had and received, and that the additional paragraph upon which the judgment was rendered was for the unlawful conversion of money; that the appellee, having elected to sue upon contract in the first instance, had waived his right to sue in tort; that said paragraph for money had and received was pending; and that the judgment was null and void. Each paragraph states appellant's alleged meritorious defense to the cause of action for money had and received and for conversion. Appellant demands relief by the first

paragraph of his complaint, under the last clause of section 399, Burns' R. S. 1894 (396, Horner's R. S. 1897), which provides that the court "shall relieve a party from a judgment taken against him, through his mistake, inadvertence, surprise, or excusable neglect."

Appellant first contends that appellee's demurrer "raises no question, and is not known to the law of this State." The demurrer is in the following language: "The defendant demurs to plaintiff's amended complaint, and for cause of demurrer says that said amended complaint does not contain facts sufficient to constitute a cause of action." This, we think, sufficiently complies with the fifth clause of section 342, Burns' R. S. 1894 (339, Horner's R. S. 1897). "Contain" is a substantial equivalent in this connection for "state" used in the statute. The point is not well taken. The authorities cited by appellant's counsel do not sustain their claim.

Appellant next claims that the judgment should be reversed for the reason that the judgment record does not show service of process, the judgment having been taken on the additional complaint of appellee for conversion on default. It needs the citation of no authorities to show that when judgment is taken by default, the judgment recovered should show that service of process has been duly made.

In each paragraph of the complaint it is shown that the complaint in Adams v. Leach, for money had and received, was filed in the Morgan Circuit Court at the September term, 1896; that on the 15th day of December, 1896, appellee filed his additional paragraph of complaint; and the judgment entered on the evening of December 25, 1896, shows that a rule was entered to discharge the rule of the court to answer said additional paragraph. Appellant's complaint

shows that he appeared to the original complaint, and failed to discharge the rule to answer the additional paragraph. He was not, therefore, defaulted without service of process. The facts set out in appellant's complaint do not show a reasonable excuse for a failure to discharge the rule to answer the additional paragraph of complaint. They fail to show such mistake, inadvertence, surprise, or excusable neglect as, under the statute, entitled appellant to relief.

The last proposition argued by appellant's counsel in their able brief is that the second paragraph of appellant's complaint is based upon the theory that appellee, having originally elected to sue *ex contractu*, could not thereafter in the same suit, or afterwards, sue *ex delicto*, the election of the one remedy being a waiver of the other; that the filing of the additional paragraph was illegal, and should have been stricken out of the court's own motion; and that the judgment taken thereon is null and void. This proposition, we think, cannot be sustained. By appearing and answering to the original complaint, appellant was in court. He should have presented the questions then that he raises in this proceeding on demurrer. No motion was presented for the consideration of the trial court. Both paragraphs of complaint were pending at the time judgment was rendered, and, without objection, appellee elected to proceed upon the last one filed.

We do not question the correctness of the law set out in the cases cited by appellant, but they are not applicable to the facts. The conclusion reached renders it unnecessary to pass upon the merits of the defense set up to the original action. Judgment affirmed.