MARSH BROS. & CO., LTD., *vs.* ABSOLOM C. BELLEFLEUR.

Cumberland.    Opinion September 30, 1911.

*Scire Facias. Alias Execution. Amendment. Election of Remedies. Revised*
  *Statutes, chapter 78, section 19; chapter 84, section 10.*

Scire facias on a judgment to obtain an alias execution does not lie under
  Revised Statutes, chapter 78, section 19, where upon the original execution
  real property has been sold and not levied upon by appraisement and
  set-off.

A writ of scire facias is amendable in the same manner as declarations in
  other cases.

A bill in equity seeking to convert an equitable title supposedly obtained by
  a sale on execution into a legal one does not seek substantially the same
  relief as scire facias to obtain an alias execution, so that the doctrine of
  election of remedies does not apply.

Election exists where a party has alternative and inconsistent rights, and is
  determined by choice, but a mistaken selection of a remedy that never
  existed and its fruitless prosecution until adjudged inapplicable does not
  prevent the exercise of another, if appropriate remedy, even if incon-
  sistent with that first adopted.

On report.   Demurrer sustained.   Amendment allowable.

Scire facias to obtain an alias execution upon a judgment.   The
defendant demurred, and the case was reported to the Law Court.

The case is stated in the opinion.

*Harry L. Cram*, for plaintiff.

*Reynolds & Sanborn*, for defendants.

SITTING:   WHITEHOUSE, C. J.,   SAVAGE,   SPEAR,   CORNISH,   BIRD,
HALEY, JJ.

BIRD, J.   Scire facias to obtain an alias execution upon a judg-
ment.

It appears from the writ that plaintiff corporation recovered judg-
ment in the Supreme Judicial Court of Cumberland County on the
twenty-second day of June, 1909, against the defendant, Absolom
C. Bellefleur, for the sum of $892.88, damages and costs taxed at

$16.70 : that on the twenty-sixth day of June, 1909, plaintiff took out execution upon this judgment in due form of law : that a deputy of the sheriff of the county on the seventeenth day of July, 1909, by virtue of the execution, made a seizure and levy on certain real estate as the property of defendant and, after legal notice, sold the same on the twenty-first day of August at public auction to the plaintiff and that the execution was returned as fully satisfied ; that on the thirteenth day of September, 1909, the plaintiff brought its bill in equity against said Absolom C. Bellefleur and Mabel Bellefleur, praying that the deed by which said Absolom had previously conveyed the real estate to said Mabel be decreed fraudulent and void ; that, a hearing being had on said bill, answer and replication, the court found the allegations of the complainant's bill, not admitted by the answer, had not been proved by evidence sufficient to warrant a decree against defendants ; that, whereas said real estate has not passed by the seizure, levy and sale and the judgment remains wholly unsatisfied and not reversed or annulled, the plaintiff is in danger of losing all benefit from its judgment. The writ directs defendant to show cause why an alias execution should not be issued on the judgment in accordance with the provisions of section 19 of chapter 78 of the Revised Statutes.

To plaintiff's writ defendant demurs upon the grounds following :

1.   There is no authority or warrant either in statute or common law for the remedy by scire facias as invoked by the plaintiff, where property of a judgment debtor attached upon the original writ has been seized by a deputy sheriff and sold at public auction, as is alleged to have been done by the plaintiff in his writ.

2.   If such authority or warrant is held to exist the plaintiff has, by his election to pursue his remedy by bill in equity as alleged in his said writ, deprived himself of the right to any relief under, or benefit of, his action by scire facias.

Upon the first ground, rejecting the words "or common law" as surplusage, the demurrer must be sustained.   Scire facias does not lie under R. S., c. 78, § 19, where upon the original execution real property has been sold and not levied upon by appraisement and set off :   *Piscataquis* v. *Kingsbury*, 73 Maine, 326, 331.

The plaintiff, after demurrer filed, moved the amendment of his writ by striking out the words "in accordance with the provisions of section 19 of chapter 78 of the Revised Statutes of Maine," and it is stipulated by the parties that, if the Law Court sustains the demurrer, it shall determine also if the writ is amendable, and, if so, if the proposed amendment may be allowed.

However formerly held, a writ of scire facias is unquestionably amendable in the same manner as declarations in other cases: 2 Tidd's Prac. (1st Am. Ed.) 1036-7; Foster on Scire Facias 20, 349, 373, 375; *Jackson* v. *Tanner*, 18 Wend. 526; *Peacock* v. *People*, 83 Ill. 331. Whether, after plea of nul tiel record, amendment may be made is not necessary to be determined. It has been held that scire facias being a judicial writ shall not abate for want of form: Foster on Scire Facias, 349: that errors in matter of form will not be noticed on general demurrer: *McLellan* v. *Codman*, 22 Maine, 308; that a general demurrer cannot reach a defect in the prayer; *Barton* v. *Vanzant*, 1 Mo. 192; and that the court will give judgment according to law and not according to the prayer of the plaintiff; *Snowden* v. *State*, 8 Mo. 483, 487. The defect which is the subject of the first ground of the special demurrer, being one of form, may be amended: R. S., c. 84, § 10.

Upon the second ground the demurrer cannot be sustained. The doctrine of election of remedies does not apply. The bill in equity and the writ of scire facias do not seek substantially the same relief. The former sought to convert an equitable title supposedly obtained by sale upon execution into a legal title. In this the plaintiff failed. The execution remains in fact unsatisfied. The present suit seeks revival of the judgment and a new execution thereon: *Fleming* v. *Courtenay*, 95 Maine, 135; *Weeks* v. *Edwards*, 176 Mass. 453. Moreover the doctrine invoked, as between proceedings at law and in equity at least, relates only to original suits: *Laraussini* v. *Carquette*, 20 Miss. 151.

The cases cited by defendant, *Hussey* v. *Bryant*, 95 Maine, 49; *Jordan* v. *Haskell*, 63 Maine, 193; *Marston* v. *Humphrey*, 24 Maine, 513, as well as *Foss* v. *Whitehouse*, 94 Maine, 491, and *Larrabee* v. *Lumbert*, 34 Maine, 79, are readily distinguishable from the facts in the case before us.

In short, election exists when a party has alternative and inconsistent rights and it is determined by a manifestation of choice. But the mistaken selection of a remedy that never existed and its fruitless prosecution until it is adjudged inapplicable, does not prevent the exercise of another, if appropriate, even if inconsistent with that first adopted: *Snow* v. *Alley*, 156 Mass. 193, 195; *Bamsdall* v. *Waltmeyer*, 142 Fed. 415, 420: 5 Ann. Cas. 962; See also *Fleming* v. *Courtenay*, 95 Maine, 135; *Weeks* v. *Edwards*, 176 Mass. 453.

*Demurrer sustained.*
*Amendment allowable on such terms*
*as may be ordered at nisi prius.*