NAVE v. POWELL.

[No. 8,786.    Filed January 6, 1916.    Rehearing denied March 6, 1916.    Transfer denied June 2, 1916.]

1. APPEAL.—*Briefs.*—*Reference to Assignment of Error.*—*Specifications.*—Where appellant, in his brief, fails to make specific reference to any assigned error and makes no attempt to apply his propositions of law to any assigned error except in one instance, the other assigned errors are waived.    p. 277.

2. APPEAL.—*Briefs.*—*Grounds of Review.*—*Ruling on Motion for New Trial.*—Where the only reference to the ruling on the motion for a new trial in appellant's points and authorities is a statement that "there were rulings on certain instructions referred to in the

new trial as to the time when a sale in the case was effected and under that head the following authorities are cited", followed by a statement of two separate propositions of law and citation of authorities in support thereof, presents no question on the ruling on such motion.    p. 277.

3.    APPEAL.—*Effect of Decision on Prior Appeal.*—*"Law of the Case."*—Where no substantial changes are made in pleadings by amendment thereto, the only amendment to the complaint being as to the amount of attorney's fees, the decision in a prior appeal, in so far as the pleadings are concerned, must be considered as the law of the case, but this is not true, however, if the theory of the pleading or any material averment thereof is changed by amendment so as to present an essentially different question of law. p. 279.

4.    APPEAL.—*Effect of Decision in Prior Appeal.*—*"Law of the Case."*—Where, on a prior appeal of a cause, the decision of the court determined the construction of a written contract of warranty of a stallion and decided that the remedy provided therein was exclusive and must be so treated in the consideration of any pleading based thereon or involving the construction thereof, such decision is the law of the case in so far as any question concerning the construction of such contract of warranty, or any pleading based thereon, is concerned.    p. 282.

5.    ACTION.—*Joinder of Causes.*—While it is a general rule that two separate independent causes of action, one based on tort and the other on contract, can not be joined in the same proceeding, this rule has no application in such a case as the one at bar, wherein a pleading based on a breach of warranty and a pleading based on fraud grew out of the same transaction, and such pleadings may be properly joined in separate paragraphs of the same complaint or answer.    Under the provisions of §352 Burns 1914, §347 R. S. 1881, the rule as to joinder of defenses is more liberal and comprehensive, if anything, than as to the joinder of causes of action. p. 283.

6.    ELECTION OF REMEDIES.—*Breach of Warranty.*—*Fraud.*— Where, in an action to enforce collection of notes given in payment of the purchase price of a warranted stallion, defendant elected to rely on a breach of the warranty as a defense, which defense did not exist in fact by reason of the death of the stallion before a certain date in the warranty, he did not thereby estop himself, on a second trial of the cause, under the doctrine of the election of remedies, from pleading and relying on fraud as a defense, for to render such doctrine applicable to any particular case, two things are essential: First, two remedies must be available; and, second, such remedies must be inconsistent, and, if the party, in whose favor the right of election exists, by any decisive act, with knowledge of all the facts and his rights thereto, chooses his remedy, such choice is final and absolute and bars his right to later choose the other remedy.    But where, as in the case at bar, the party

erroneously thinks he has a remedy that does not in fact exist, a mistaken selection and prosecution of such remedy will not estop a later election to pursue an appropriate remedy, though it be inconsistent with the one formerly prosecuted.   p. 284.

7.   SALES.—*Warranty.*—*Merger of Misrepresentations.*—*Pleading.*— *Sufficiency of.*—While it is the law that, where a vendee of property accepts from a vendor a written contract of warranty which contains certain warranties as to the quality of the thing sold and a provision therein for an exclusive remedy for the breach of such warranty, a voluntary election by the vendee to accept and rely on such contract, in the absence of fraud in procuring the execution and acceptance of such warranty, estops the vendee from afterwards pursuing a remedy based on the fraud of the vendor in making the representations intended to be and actually covered by the contract of warranty, since such oral representations are merged in the written contract; yet, if, as in the instant case, the pleadings of the vendee aver that the written warranty was no part of the original contract for the purchase of the horse, but was voluntarily delivered, without consideration, along with the horse, and that the execution of such contract of warranty was a part of the fraud practiced by the vendee, such pleadings are sufficient as against demurrer, and, upon the facts averred therein, the vendee is not estopped from relying on fraud as a remedy.   p. 288.

From Miami Circuit Court; *Nott M. Antrim*, special judge.

Action by Alton P. Nave against Oliver M. Powell. From a judgment for defendant, the plaintiff appeals.   *Affirmed.*

*Charles R. Milford* and *J. Ernest Rodenbeck*, for appellant.

*Cox & Andrews*, for appellee.

HOTTEL, J.—This is a second appeal by appellant in an action brought by him to recover on two promissory notes given by appellee for the purchase of a stallion.   There was a judgment below for appellee on his cross-complaint in the sum of $200.   Twelve separate rulings of the trial court, including the ruling on the motion for new trial, are assigned as error in this court, but the questions presented thereby for our determination are expressly limited by appellant in his brief, under the heading "Points

and Authorities," as follows: (we quote) "Under the assignments of error numbered 1, 2, 6, 7, 8, 9 and 10, all of which refer to the alleged error of the lower court in the several rulings on the different pleadings, substantially the same question is involved, namely, the right, privilege and legality of the pleading of fraud in this cause at this time. The appellant contends that under the contract as existing between the parties, under the conditions as heretofore made in the first trial of this cause, and decided by the Appellate Court of Indiana, that it was then too late and improper for appellee to raise the issue of fraud, and on that point and the overruling of the motion for a new trial the following authorities are cited by appellant:—"

The appellant follows this statement with numerous general propositions of law and citation of authorities applicable to the question which he suggests as the one presented by the rulings on the several demurrers to the pleadings. No specific reference is made to any assigned error, nor is there any attempt to apply his propositions of law to any assigned error except as indicated in the above statement. The other assigned errors are therefore waived. *Chicago, etc., R. Co.* v. *Dinius* (1913), 180 Ind. 596, 626, 103 N. E. 652; *Palmer* v. *Beall* (1915), 60 Ind. App. 208, 110 N. E. 218, and cases cited.

The motion for a new trial contains fifty-three grounds and the only reference to the ruling thereon in said points and authorities is a statement that (we quote) "there were rulings on certain instructions referred to in the new trial as to the time when a sale in this case was effected, and under that head the following authorities are cited:—" Then follows a statement of two separate propositions of law and citation of authorities in support

thereof. Such statement, under the frequent holdings of the Supreme Court and this court, presents no question on the ruling on said motion. See cases cited *supra*.

It follows that the only question which we are required to determine in this case is that above indicated in our quotation from appellant's brief, and to such question this opinion will be limited. For the purposes of determining this question, we deem it unnecessary to set out the several pleadings to which the said respective demurrers were addressed, but instead will state more fully appellant's contention. It is claimed by appellant that by reason of the questions presented on the former appeal and the decision of this court in respect thereto, it was "too late and improper for appellee to raise the issue of fraud on the second trial."

With respect to this question, appellant states his contention as follows: "Appellee did not have the right * * * after having made his election in the former trial to stand on his contractual right, to entirely change the remedy, * * * and * * * rely upon his remedy in tort; * * * that appellee did not claim that he had not made an election by his pleadings and defense in the first trial, but he relied solely on his right to change his theory on the fact that an alleged amended complaint was filed." Appellant further insists, in effect, that on the former appeal "appellee relied on the contract of warranty executed and delivered by appellant, and (that) this court held that the remedy provided in that contract was exclusive"; that such holding is the law of the case and is conclusive against appellee's right to file amended answers and cross-complaint predicated on fraud.

In answer to the contention last indicated, appellee says, in effect, that the record discloses that,

after judgment of this court on the former appeal was certified to the trial court, the latter court entered an order in accord with such judgment, and appellant then, by leave of court, amended his complaint and thereby rendered inapplicable the doctrine for which he contends. The character of the amendment controls this question. If no substantial changes were made in the respective pleadings by the amendments thereto, the former decision, in so far as such pleadings are affected thereby, must be recognized as the law of the case. *Hatfield* v. *Cummings* (1898), 152 Ind. 537, 53 N. E. 761; *Terre Haute, etc., R. Co.* v. *Zehner* (1901), 28 Ind. App. 229, 62 N. E. 508; *Shirk* v. *Lingeman* (1900), 26 Ind. App. 630, 59 N. E. 941; *Indiana Traction Co.* v. *Pring* (1912), 50 Ind. App. 566, 578, 96 N. E. 180, and cases cited; *Alerding* v. *Allison* (1907), 170 Ind. 252, 260, 261, 83 N. E. 1006, 127 Am. St. 363. If, however, the amendments change the theory of the pleadings, or any of the material averments thereof, so as to present a law question essentially or materially different from that determined by the former appeal, the doctrine that such decision is the law of the case, can, of course, have no application. *Indiana Traction Co.* v. *Pring, supra; Alerding* v. *Allison, supra.* It appears from the record that the only amendment of the complaint was one as to the amount of attorney's fees. This could in no way change or affect the question presented and decided by the former appeal. It follows that, unless the averments and theory of appellee's amended answers and cross-complaint are such as to render inapplicable said doctrine, it must control the case.

As before indicated, these pleadings are predicated on fraud. The character and nature of the pleadings involved in the former appeal and the law ques-

tion determined in relation thereto will be best understood by an examination of that opinion. *Nave* v. *Powell* (1912), 52 Ind. App. 496, 96 N. E. 395. That opinion will disclose that, on account of certain deficiencies in appellant's brief, the court expressly limited the questions to be considered to rulings on appellee's demurrer to appellant's reply to appellee's first paragraph of answer and the rulings on appellant's demurrers to appellee's sixth paragraph of answer and third paragraph of cross-complaint, and also indicated that, in considering such rulings, it would only be necessary to interpret and construe the written warranty involved in such pleadings. After setting out the first paragraph of appellee's answer, the court in the opinion said: "The theory of this paragraph * * *. is an implied warranty of the breeding qualities of said stallion by plaintiff at the time of the sale, and a breach thereof." The substance of the reply addressed to such paragraph of answer, and the written warranty made part thereof and the substance of appellee's sixth paragraph of answer and third paragraph of cross-complaint, each of which were also predicated on such written warranty, are then set out, after which the court says: "It will be seen * * * that the question presented by the rulings on the demurrers thereto turns on the construction to be placed on said contract of warranty." After discussing the respective contentions of the parties relating to the construction to be placed on such contract of warranty, the court said: "*We are forced to the conclusion that in the matter of the provision for the remedy for the breach of the warranty the contract is exclusive, and that appellee is restricted to the remedies therein contained,* and that the court below therefore erred in overruling appellant's demurrers to the sixth paragraph of answer and the third

paragraph of cross-complaint, respectively, and also in sustaining appellee's demurrer to appellant's special reply to the first paragraph of answer.

"Inasmuch as this case must be reversed for these errors, *we have not examined the other paragraphs of the pleadings with a view of determining their sufficiency, and express no opinion thereon, further than to say that the construction placed on the written warranty and contract of insurance is the law of the case applicable to all the pleadings the same as to those expressly considered and ruled on.*

"The judgment is therefore reversed with instructions to the court below to sustain the demurrer to appellee's sixth paragraph of answer and third paragraph of cross-complaint, and to overrule the demurrer to appellant's special reply to appellee's first paragraph of answer, and for further proceeding not inconsistent with this opinion."

Appellant contends, in effect, that the opinion expressly holds and limits appellee's remedy in this case to that provided by his written warranty and hence that appellee could have no defense or cause of action predicated on fraud. This contention results from appellant's attaching to the italicized language, above quoted, an unwarranted meaning and effect. Such language must be considered in connection with what immediately precedes and follows it, and when thus considered it seems to us there can be no doubt, or uncertainty as to its meaning, viz., that the warranty relied on by appellee had been reduced to writing and was controlled thereby; that such writing, the construction of which was the real thing being considered, was exclusive as to the remedy provided therein, and hence that any defense or cause of action based on warranty would likewise be so limited.

None of the pleadings, then before the court and

being considered by it, were predicated on fraud.
There was no defense or counterclaim other than
those based on warranty and the exclusive remedy
referred to by the court necessarily referred to the
remedy provided by the contract of warranty and
nothing else.   To construe and interpret appellee's
contract of warranty and say that the remedy pro-
vided therein is exclusive is one thing; to deter-
mine whether appellee might have some remedy
other than that based on a breach of warranty is
another and very different thing.   The former was
determined by the court in the former opinion; the
latter was not considered by it.

The language of the opinion that the construction
placed on the written warranty is the law of the
case applicable to all the pleadings the same
4.   as those expressly considered necessarily
referred to only such pleadings as were based
on such written warranty, or such as involved a con-
struction thereof.   What precedes this language
clearly shows that the court then had in mind the
fact that there might be a pleading sufficient on
some theory other than that based on warranty,
otherwise the statement "we have not examined the
other paragraphs of the pleadings *with a view of
determining their sufficiency,*" (our italics) would
be wholly unnecessary and meaningless.   The
decision of this case on the former appeal does
determine the construction to be placed on said
written contract of warranty, and decides that
the remedy therein provided is exclusive and
must be so treated in the consideration of any
pleading based thereon or involving a construc-
tion thereof.   To such extent, but no further, is
such former decision the law of the case.

With respect to the other questions involved in
his contention above set out, appellant insists, in

effect, that a "defense, or cause of action, predicated on breach of warranty and a defense, or cause of action, growing out of the same transaction, predicated on false representations can not be joined in the same action, for either of two reasons, viz.: (1) Because one is based on contract and the other on tort; and (2) because such causes of action or defenses are inconsistent and the election of the one precludes the right to pursue the other. Upon these propositions of law, appellant predicates an argument to the effect that appellee, by originally electing to proceed to trial and final judgment in the trial court on pleadings based on breach of warranty, thereby estopped himself from afterwards, on a second trial, shifting the theory of his pleadings to that of tort based on fraud.

It is true, generally speaking, that two separate independent causes of action, one based on tort and the other based on contract, may not be joined in the same proceeding. *Cincinnati, etc., R. Co.* v. *Harris* (1878), 61 Ind. 291; *Boyer* v. *Tiedeman* (1870), 34 Ind. 72. Such rule, however, has application to *separate independent causes of action* and not to cases like that here involved, where a pleading based on a breach of warranty and a pleading based on fraud grew out of the same transaction. In the latter case, the pleadings may be joined in different paragraphs of the same complaint or answer. In discussing a case where a like question was involved, the Supreme Court of Ohio in the case of *Gartner* v. *Corwine* (1897), 57 Ohio St. 246, 48 N. E. 945, said: "Whether there is more than one cause of action stated in the petition, is a question upon which differences of opinion may exist. But it need not now be determined. *If there are two, one for breach of the warranty, and the other for fraud, they grew out of the*

*same transaction, and may be properly joined in the same petition;* and no motion having been made to require them to be separately stated, that objection to the petition, if it were open to it, was waived by answer. In favor of the view that there is but one cause of action stated, it may be said, there was but a single transaction between the parties—the negotiations resulting in the sale of the horse; there was but one wrong of the defendant—the sale of an unsound animal as and for a sound one; and there is but one right of the plaintiff growing out of the wrong, and that is, to have redress for the injury he has sustained." (Our italics.)    See, also, 31 Cyc 431 and cases cited in note 99.    As to joinder of defenses, the rule, if anything, is more liberal and comprehensive in this State by reason of statutory enactment.    §352 Burns 1914, §347 R. S. 1881; *Ray* v. *Moore* (1899), 24 Ind. App. 480, 56 N. E. 937; *Johnson* v. *Sherwood* (1904), 34 Ind. App. 490, 73 N. E. 180; *Fudge* v. *Marquell* (1904), 164 Ind. 447, 72 N. E. 565, 73 N. E. 895; *Field* v. *Brown* (1896), 146 Ind. 293, 45 N. E. 464.    These cases, we think, dispose of appellant's contention in so far as it is based on the unqualified proposition that, in the same action, a pleading based on tort may never be joined with a pleading based on contract.

In support of his contention that appellee by electing to stand on his contract of warranty in the first trial of this case, thereby estopped himself from later asserting and relying on fraud, appellant invokes the doctrine of election of remedies.    This doctrine "rests upon the principles that he who seeks equity must do it, and means, as the term is ordinarily used, that where two inconsistent or alternative rights or claims are presented to the choice of a party, by a person who

manifests the clear intention that he should not enjoy both, then he must accept or reject one or the other; and so, in other words, that one cannot take a benefit under an instrument and then repudiate it." *Peters* v. *Bain* (1890), 133 U. S. 670, 695, 10 Sup. Ct. 354, 362, 33 L. Ed. 696. To render such doctrine applicable to any particular case, two things are essential, viz., (1) two remedies must be available; and (2) such remedies must be inconsistent. *Marsh Bros. Co.* v. *Bellefleur* (1911), 108 Me. 354, 81 Atl. 79; *Whitley* v. *Spokane, etc., R. Co.* (1913), 23 Idaho 642, 132 Pac. 121; *Blank* v. *Independent Ice Co.* (1911), 153 Iowa 241, 133 N. W. 344, 43 L. R. A. (N. S.), 115; *Brown* v. *Fletcher* (1910), 182 Fed. 963, 105 C. C. A. 425; *Kinney* v. *Kiernan* (1872), 49 N. Y. 164; *McNutt* v. *Hilkins* (1894), 29 N. Y. Supp. 1047.

If the party, in whose favor the right of election exists, by any decisive act, with knowledge of all the facts and his rights in relation thereto, chooses his remedy, such choice is final and absolute and bars his right to choose the other remedy afterward. *Blank* v. *Independent Ice Co., supra; Nysewander* v. *Lowman* (1890), 124 Ind. 584, 24 N. E. 355; *Leach* v. *Adams* (1898), 21 Ind. App. 547, 52 N. E. 813; *Bunch* v. *Grave* (1887), 111 Ind. 351, 12 N. E. 514; *American Car, etc., Co.* v. *Smock* (1911), 48 Ind. App. 359, 91 N. E. 749, 93 N. E. 78; 7 Ency. Pl. & Pr. 363-364; 15 Cyc 259, 260.

The doctrine, however, has no application where a party erroneously thinks he has a remedy that does not in fact exist, and, a mistaken selection of such a remedy, though it be prosecuted until adjudged inapplicable, will not foreclose or estop an after election to pursue an appropriate remedy, though the latter be inconsistent with the one fruitlessly prosecuted. *Bunch* v. *Grave, supra; Marsh*

Bros. Co. v. Bellefleur, supra; Whitley v. Spokane, etc., R. Co., supra; Blank v. Independent Ice Co., supra.

The cases of Cohoon v. Fisher (1896), 146 Ind. 583, 588, 44 N. E. 664, 45 N. E. 787, 36 L. R. A. 193, and Gartner v. Corwine and other cases above cited are holdings to the effect that there is not necessarily such an inconsistency between a pleading based on fraud and a pleading based on breach of warranty growing out of the same transaction as will prevent their being joined in the same action, and, in any event, for reasons hereinafter indicated, it is immaterial in the instant case whether, under the particular facts set up in the pleadings under consideration, the remedy now selected and sought to be enforced by appellee is inconsistent with that selected and pursued at the former trial. This is so, because both the pleadings under consideration, and the evidence, show that said stallion was purchased in April 1904, and died on November 4, of the same year; that his barrenness as a breeder was not known until after the latter date. The written warranty, involved in the former appeal and now pleaded by appellant by way of reply to appellee's answer, provides as follows: "In the event that the above named stallion in perfect health with proper usage and the mares to him regularly returned and tried or bred on one full service season trial, does not get with foal 50 per cent. of the producing mares regularly tried and bred to him, then on the return of said stallion to me at Attica, Fountain County, Indiana, during the first week of the month of April next following the full service season first concluded after the date thereof in good health and condition, I agree to furnish the above named purchaser without further charge another imported or pure bred stallion of equal value in exchange * * *. In the event

that the conditions of the above agreement are not faithfully performed or should the above named stallion hereafter become injured or disabled, through accident or disease   *   *   *   this warranty shall be null and void and of no effect, and all obligations incurred by me herein shall be considered fulfilled and ended.   This bill of sale contains all the agreements of warranty or guaranty made by me in the sale of the above mentioned stallion, and it is expressly provided that I shall not be liable for any claim that may hereafter be made alleging any verbal agreement of myself or agent in the sale of said horse."

The former opinion is decisive of the question that, in an action based on such written warranty, the remedy therein provided is exclusive.   Upon such question and to such extent the former decision is the law of the case.

The death of the stallion before the expiration of the time fixed for ascertaining his breeding qualities and before the expiration of the time fixed by the contract for his return, precluded such return after the breach of the contract was ascertained and known by appellee, and, under the latter provision of the contract, above quoted, rendered the contract of warranty null and void and of no effect.   Therefore, it follows that, when appellee elected to pursue the remedy provided in the contract of warranty, no such remedy existed, and hence, under the cases, *supra*, there could be and was no election of remedies.

There is still another phase of this case which, though possibly not strictly included in appellant's question first indicated herein as the one to be determined, is suggested by and involved in his contention that the former opinion in this case is a holding to the effect that the contract of warranty furnished appellant his sole and only remedy in this

case.   Such contract does in fact cover the breeding qualities of the stallion sold by appellant.   It is also true that the representations now relied on by appellee as being false and fraudulent are those which relate to such breeding qualities of the horse. In the former opinion we held, in effect, and correctly we think, that the implied warranty set up in one of the paragraphs of answer had

7.   been merged in the express written warranty, and hence that appellee's remedy, so far as breach of warranty was concerned, was limited to that provided in such contract.   By analogy of reasoning, it would seem to follow that where the vendee of property accepts from the vendor an express written warranty which contains certain representations or a warranty as to a particular quality or element of fitness of the property or thing sold for the purpose for which it is sold, and a provision therein for an exclusive remedy for the breach of such warranty, a voluntary election by the vendee to accept and rely on the contract of warranty, *in the absence of fraud in procuring the execution and acceptance of such contract,* estops the vendee from afterwards asserting and pursuing a remedy based on the fraud of such vendor in the making of the identical representations intended to be and actually covered by the contract of warranty.   In other words, where the fraudulent representations relied on as the inducement which caused the vendee to purchase the thing sold to his injury are identical with, and completely covered by, a written warranty and provisions for the breach thereof taken and accepted by such vendee, the verbal representations are merged in the writing and the writting, *unless tainted by the fraud,* will be deemed to express the full intent of the parties with reference thereto. Upon this subject the Court of Civil Appeals of

Texas, in the case of *Oltman Bros.* v. *Poland* (1912), 142 S. W. 653, in discussing the effect of warranty say: "This writing contained the entire contract between them, and by its terms each must abide. * * * Contracts containing similar provisions to this have been before this court in a number of cases, and it has uniformly been ruled that, when the parties to a contract agree upon the remedies that accrue for a breach of it, these remedies constitute the only relief in the particular that the purchaser has, and he must look to his contract and be governed by its stipulations." To the same effect, see, *Wisdom* v. *Nichols, etc., Co.* (1906), 139 Ky. 506, 97 S. W. 18; *Walters* v. *Akers* (1907), (Ky.), 101 S. W. 1179; *Miller* v. *Nichols, etc., Co.* (1877), 5 Neb. 478.

The cases cited, while recognizing and announcing the legal principle contended for by appellant, expressly except from its application, those cases in which the fraud charged is alleged to have induced both *the acceptance of the contract of warranty* and the purchase of the property sold and covered by such warranty. It was expressly held, in the case last quoted from, that there was no fraud on the part of Oltman Bros. in inducing Poland to accept the warranty.

In the instant case, the pleadings of appellee, both his answer and cross-complaint, contain averments to the effect that the written warranty was no part of the original contract of purchase and sale of the horse, but that afterwards, at the time of the delivery of the horse under circumstances particularly set out, such contract of warranty was, without any consideration, voluntarily included among other papers delivered to appellee by appellant, and that *such execution of said contract was a part of and one of the steps in the fraud practiced by appellant.*

VOL. 62—19

There is also a reply containing the same or similar averments addressed to that paragraph of appellant's answer to the cross-complaint, which was predicated on such contract of warranty. We think the averments contained in appellee's said pleadings were sufficient to bring them within the class excepted from the application of the principle announced in the cases, *supra*, and hence render such pleadings sufficient against demurrer.

The record as presented by appellant's brief presents no reversible error and the judgment below is therefore affirmed.

Note.—Reported in 110 N. E. 1016. See under (3), (4) 3 Cyc 395, 401; (5) 1 C. J. 1087, 23 Cyc 417; (7) 20 Cyc 89; 35 Cyc 443, 444. Warranty on sale of animal for breeding purposes, Ann. Cas. 1916A 573.