BANK OF IPSWICH, Appellant, v. WILSON et al, Respondents.

(219 N. W. 246.)

(File No. 5890. Opinion filed May 4, 1928.)

*A. L. Beardsley,* of Ipswich, for Appellant.

*H. L. Woodworth,* of Ipswich, for Respondent.

MORIARTY, C. The appellant bank brought this action to recover upon certain promissory notes signed by the defendants. The relevant facts were placed before the trial court by stipulation; and they are as follows:

During the years 1919 and 1920 the defendants owned five quarter sections of land in Edmunds county, and during said years they mortgaged said tracts to the plaintiff bank by five separate mortgages securing five separate notes, each mortgage covering one of said tracts and each note having interest coupons attached thereto.

Thereafter the plaintiff bank assigned each of said mortgages to a different assignee, and to each of said assignees indorsed the note secured by the mortgage transferred to such assignee.

In December, 1920, subsequent to the execution and recording of the five mortgages above mentioned, the defendants gave the plaintiff bank a mortgage whereby they mortgaged to said bank all five of the aforesaid quarter sections of land, as security for the payment of $7,055. This mortgage specified that it was made subject to mortgages of record, and, therefore, was junior to each of the five mortgages covering the five tracts separately.

This junior mortgage was foreclosed by the plaintiff bank, and at the foreclosure sale held on February 18, 1922, the bank became the purchaser of the five tracts, bidding the full amount of its claim with costs of the foreclosure. On this foreclosure a sheriff's deed conveying the five quarter sections to the bank was issued on March 6, 1923.

After the date of the foreclosure sale, and prior to the issuance of the sheriff's deed made pursuant thereto, the plaintiff bank paid to the holders thereof five interest coupon notes representing interest on the five first mortgage debts covering the lands to which the bank then held sheriff's sale certificates. After the issu-

ance of the sheriff's deed, and while it held title thereunder, the bank paid to the holders three other interest coupon notes representing interest on the first mortgages covering the land to which the bank thus held title. When making the above-mentioned payments, the bank had the notes assigned to itself instead of having them canceled as paid.

These eight interest coupon notes are the notes sued upon in this action, and the sole question presented to the trial court, and now presented to this court, is whether the plaintiff bank is legally entitled to recover from the defendants upon notes acquired by it as above stated.

The trial court held in favor of the defendants upon said proposition and entered judgment accordingly. From such judgment and from an order denying a new trial this appeal is taken.

We are satisfied that the great weight of authority supports the decision of the trial court in the instant case.

In Maulding v. Sims, 213 Ill. App. 473, the Illinois court states the rule as follows:

"A second mortgagee who purchases on foreclosure of his mortgage and takes * * * a deed, cannot take an assignment of the first mortgage debt and enforce it personally against the original owner and mortgagor."

Under such circumstances, the land becomes the primary fund for the payment of all prior liens.

This rule is undoubtedly based upon sound principles of equity. To hold otherwise would enable the holder of a second mortgage to acquire title to the mortgaged land at a price for which his bid indicates that he is willing to take it, subject to the prior mortgage, and thereafter compel the mortgagor to pay such prior lien. Cherry v. Monro, 2 Barb. Ch. (N. Y.) 618; 2 Jones on Mortgages (8th Ed.), §§ 911, 913; Bunch v. Grave, 111 Ind. 351, 12 N. E. 514; Sletten v. First Nat. Bank, 37 N. D. 47, 163 N. W. 534; 42 C. J. "Mortgages," § 1908.

The judgment and order appealed from are affirmed.

POLLEY, SHERWOOD, CAMPBELL, and BROWN, JJ., concur.

BURCH, P. J., absent, and not participating.